STATE OF INDIANA, EX REL. HARKNESS ET AL., *v.*
GLEASON, JUDGE, ET AL.

[No. 23,424. Filed March 21, 1918.]

1. PROHIBITION.—*Erroneous and Void Judgments.*—*Remedy by Appeal.*—In view of §14 of the act creating the Vigo Superior Court (Acts 1881 p. 95), which confers jurisdiction to grant injunctions, the judgment of such court granting injunctive relief is not void where it had jurisdiction of the parties, as it had general jurisdiction of the subject-matter; hence prohibition will not lie to prevent enforcement of the judgment even though the facts pleaded did not warrant injunctive relief, the remedy in such case being by appeal. p. 298.

2. COURTS. — *Appellate Jurisdiction.* — *Prohibition.* — The legitimate scope of a writ of prohibition is to keep inferior courts within the limits of the jurisdiction conferred on them by law and to prevent encroachment on the jurisdiction of other tribunals, and the act conferring original jurisdiction on the Supreme Court (Acts 1915 p. 207) to issue the writ to certain inferior courts for this purpose does not extend nor enlarge its scope as it was known and recognized at common law. p. 299.

3. PROHIBITION.—*When Granted.*—*Policy of Courts.*—It is not the policy of the courts to issue writs of prohibition on slight occasions, but only in special emergency cases to prevent great impending present injury. p. 300.

4. PROHIBITION. — *Void Judgment.* — *Pendency of Motion for Change of Venue.*—Although the court deferred its ruling on a motion for change of venue until after an order for a temporary injunction had been made, prohibition will not lie to prevent enforcement of the order, as the filing of the motion did not deprive the court of all jurisdiction to take further steps in the proceeding, nor render void the order made there-

after; whether the court committed error is a question reviewable on an appeal from a judgment based on such proceedings. p. 300.

Original action by the State of Indiana, on relation of John R. Harkness, against William T. Gleason, as judge of the Vigo Superior Court, and others, for a writ of prohibition. *Demurrer to complaint sustained.*

*Charles E. Cox* and *Davis, Moore, Cooper, Royse & Bogart* and *Daniel V. Miller,* for relators.

*George O. Dix, Frank S. Rawley* and *McNutt, Wallace & Randel,* for defendant.

LAIRY, J.—This is an original action brought by the State of Indiana, on the relation of John R. Harkness, against William T. Gleason, as judge of the superior court of Vigo county, and others, to obtain a writ of prohibition from this court prohibiting the Vigo Superior Court and the regular and special judges thereof from enforcing a temporary injunction granted by said court at the suit of one Charles A. Haupt.

The writ is sought on the grounds that the court had no jurisdiction to grant the order for a temporary injunction, and that such order is therefore void. Relators assert that the order granting the temporary injunction is void for two reasons. It is first claimed that the complaint does not disclose such a state of facts as to invoke the equitable jurisdiction of the court to grant an injunction; and it is asserted that, as the complaint was not sufficient to invoke the equity powers of the court, any order entered by the court in the exercise of its equitable powers was without jurisdiction and void for the reasons urged.

The position of relators cannot be sustained on this point. By the act creating it the Vigo Superior Court was given general jurisdiction at law and in equity, and by §14 (Acts 1881 p. 95) of the act it was expressly given power to grant restraining

1.

orders and injunctions. It thus appears that the court had general jurisdiction of the subject-matter of the action and.had power to grant injunctions in proper cases. It is not denied that the court had obtained jurisdiction of the parties to the proceeding. It has been uniformly held that a court, which has jurisdiction of the subject-matter of an action and which has obtained jurisdiction of the parties, has power to hear and determine such action. A judgment rendered under such circumstances may be erroneous, but it is not void. *Young* v. *Wiley* (1915), 183 Ind. 449, 107 N. E. 278; *DeHaven* v. *Covalt* (1882), 83 Ind. 344, 346. If a court has jurisdiction of the subject-matter of an action and has acquired jurisdiction of the parties, it has power to determine whether or not its jurisdiction is properly invoked in a proceeding before it. An erroneous decision of such question does not render its subsequent proceedings therein void as being without jurisdiction. An order, decree or judgment based on such proceedings might be reversed as erroneous, but it could not be collaterally attacked as void. The temporary injunction entered by the superior court of Vigo county at the suit of Haupt was not void upon the ground first stated, and its enforcement will not be prohibited on such account. If it be conceded that a temporary injunction was granted on a state of facts which did not entitle the plaintiff to an injunction or to any other form of equitable relief, still the order granting such relief would not be void, but merely erroneous. In such case the remedy is by appeal.

The legislature has provided for an appeal from an interlocutory order granting an injunction. §1392, cl. 17, Burns 1914, Acts 1907 p. 237. Upon a proper showing that public interests were involved, such an appeal would be placed on the advanced docket of the court and speedily decided. The

legitimate scope of a writ of prohibition is to keep inferior courts within the limits of the jurisdiction conferred on them by law to prevent them from encroaching on the jurisdiction of other tribunals. *Board, etc.* v. *Spitler* (1859), 13 Ind. 235. It has been generally held that the power of the writ will not be exercised to review the rulings or decisions of an inferior court or to control its discretion. *State, ex rel.* v. *Malone* (1898), 40 Fla. 129, 23 South. 575; *State* v. *Stobie* (1905), 194 Mo. 14, 92 S. W. 191; *City of Grafton* v. *Holt* (1905), 58 W. Va. 182, 188, 52 S. E. 21, 6 Ann. Cas. 403. The legislative act conferring original jurisdiction on this court to issue writs of prohibition to certain inferior courts named therein to confine such courts to their respective lawful jurisdiction does not extend or enlarge the scope of the writ of prohibition as it was known and recognized at common law. Acts 1915 p. 207. The power of superintending control will not be exercised in the place of appellate jurisdiction or where another remedy exists. *State, ex rel.* v. *Superior Court* (1897), 17 Wash. 12, 48 Pac. 741, 61 Am. St. 893; *Walcott* v. *Wells* (1890), 21 Nev. 47, 24 Pac. 367, 9 L. R. A. 59, 37 Am. St. 478. It is not the policy of courts to exercise such power on slight occasion, but only in special emergency cases to prevent great

3. impending present injury. *State, ex rel.* v. *Superior Court* (1905), 40 Wash. 555, 82 Pac. 877, 2 L. R. A. (N. S.) 395, 111 Am. St. 925. It is clear from what has been said that the writ cannot be granted on the ground first stated.

The second ground upon which relators claim that the writ should be granted is based on the action of the superior court of Vigo county in granting the

4. temporary injunction after an affidavit for a change of venue from the county had been filed and before ruling on the motion for a change of venue.

State, ex rel. *v.* Gleason—187 Ind. ·297.

In. respect to this phase of the case relators take the position that the filing of the motion. for a change of venue deprived the court. of all jurisdiction to take further steps in the proceeding, and that any order made thereafter is absolutely void. In this relators are in error. The refusal of a court to grant a change of venue in a proper case renders the subsequent proceedings erroneous but not void. A judgment based on such proceedings might be reversed on appeal, but it could not be attacked collaterally. Prohibition will not lie to restrain a court from proceeding in a case in which a writ of error has been erroneously denied. *State, ex rel.* v. *Superior Court, supra;* High, Extraordinary Legal Remedies (3d ed.) §772. Much less will the writ be employed to prohibit an inferior court from enforcing an order made for a temporary injunction subsequently to the filing of such motion, where the statute provides for an appeal from such an interlocutory order. The motion for a change of venue in the case under consideration was not denied. The court only deferred its action in ruling on such motion until after the order granting the temporary injunction was entered. Whether this action was right or wrong this court does not decide. In. the application of the principles here involved, it matters not whether the inferior court decided correctly or erroneously; its jurisdiction being established, prohibition will not be employed to prevent an erroneous exercise of jurisdiction.

The complaint does not state facts sufficient to constitute a cause of action, and the demurrer is therefore sustained.

NOTE.—Reported in 119 N. E. 9. Prohibition: as process to review jurisdictional question, Ann. Cas. 1913D 595; remedy by appeal rather than by prohibition in actions by court without jurisdiction, 111 Am. St. 929, 956; L. R. A. 1915F 911.