STATE EX REL. CITY OF INDIANAPOLIS, ETC., ET AL. *v.* BRENNAN, JUDGE OF SUPERIOR COURT OF MARION COUNTY, ROOM 3

[No. 28,962. Filed December 18, 1952.]

*Palmer K. Ward* and *Frank X. Haupt,* both of Indianapolis for City of Indianapolis and *Alex M. Clark,* as Mayor thereof, as relators.

*J. Emmett McManamon,* Attorney. General, *John C. O'Connor,* Deputy Attorney General, and *Robert Hollowell,* Special Counsel for Attorney General, for relator.

*Henry M. Coombs,* of Indianapolis, for respondent.

GILKISON, J.—Relators filed their petition seeking a writ of prohibition against respondents, and therein showing, among other things, that one, Vinard S. Buckner, a taxpayer, freeholder and citizen of the city of Indianapolis and of Marion County, Indiana, for himself and all other taxpayers, freeholders and citizens of such city and county, filed his amended complaint in respondent's court against the City of Indianapolis, Alex M. Clark as Mayor of said city, the Marion County Board of Commissioners, and J. Emmett McManamon, Attorney-General, on February 25, 1952, which is numbered B-84948 in said court. That the defendants therein filed their separate answers to the complaint. That said action was thereafter duly tried by the respondent. That respondent judge made a special finding of facts

and conclusion of law, and thereupon entered a decree and judgment in favor of the plaintiffs in said action. Duly certified copies of all the pleadings and court entries mentioned above are filed with the petition. It is shown by the verified response that the case was tried and determined upon facts properly stipulated by the parties, but such stipulated facts are not filed with the petition and we are without information concerning them.

The action in respondent's court was brought under the Uniform Declaratory Judgments Act, Sections 3-1101 to 3-1116 inclusive, Burns' 1946 Replacement, and asked that the court declare the rights, status and legal relations existing between the parties under Chapter 287 of the Acts of 1951 and that it declare Chapter 287 of the Acts of 1951 to be unconstitutional, null and void.

It is contended by the relators, who are defendants in the action in respondent's court, that respondents are without jurisdiction of the subject-matter of the action because certain additional parties named in relator's petition were not made parties defendant in the action in said court. The record shows that the same question was raised in the respondent court by a brief of relators, and that the question was passed upon by it, resulting in a finding and judgment contrary to the contentions of relators. The response of the respondents shows that since the filing of this original action in this court relators have continued to avail themselves of their legal remedy by filing a motion for new trial in the cause in said court.

In this original action nothing is before us but the question whether respondents have jurisdiction of the subject-matter of the action pending in their court. If they have such jurisdiction the permanent writ should be denied and the temporary

writ should be dissolved. If they do not have such jurisdiction, the temporary writ should be made permanent. *State ex rel. Fry* v. *Superior Court of Lake County* (1933), 205 Ind. 355, 359, 186 N. E. 310.

The Act granting jurisdiction is as follows:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree." Sec. 3-1101 Burns' 1946 Replacement.

As affecting this proceeding it is further provided in the Act as follows:

"Any person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question or construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." Sec. 3-1102 Burns' 1946 Replacement.

As to parties the Act provides as follows:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. . . . and if the statute . . . is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard." Sec. 3-1111 Burns' 1946 Replacement.

Many definitions of jurisdiction have been given by the courts. A very good one has been stated thus:

"Jurisdiction is the power to hear and determine the subject matter in controversy between the parties to a suit, to adjudicate or exercise any judicial power over them; . . . *Rhode Island* v. *Massachusetts* (1838), 12 Pet. 657, 717, 9 L. Ed. 1233, 1258. See also *Quarl* v. *Abbett* (1885), 102 Ind. 233, 239, 1 N. E. 476. *Smurr* v. *State* (1885), 105 Ind. 125, 127, 4 N. E. 445. *Lantz* v. *Maffett et al.* (1885), 102 Ind. 23, 28, 26 N. E. 195.

In that case the court at page 1258 stated further:

"If the law confers the power to render a judgment or decree, then the court has jurisdiction; what shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action, by hearing and determining it."

It frequently has been held by this court that where a court has general authority over a class of cases or a general subject, a ruling or order made is not void, although it may be erroneous. The power to decide at all carries with it the power to decide wrong as well as right. *Smurr* v. *The State* (1886), 105 Ind. 125, 127, 4 N. E. 445, supra. *Snelson* v. *State* (1861), 16 Ind. 29, 32. *Lantz* v. *Maffett et al.* (1885), 102 Ind. 23, 28, 26 N. E. 195, supra.

We think there can be no question that under Sections 3-1101 and 3-1102, Burns' 1946 Replacement, supra, respondent court and its judge have full and complete jurisdiction of the subject-matter of the action, unless there is such a defect of parties defendant as to deprive them of jurisdiction thereof. This question must be determined from a consideration of the entire statute, including, of course, Section 3-1111 Burns' 1946 Replacement, supra. This section is quite clear. It provides that "when declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the

declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

The word "shall" when used in a statute is generally construed mandatory rather than directory, and this rule will control unless it appears clearly from the context or from the manifest purpose of the act as a whole that the legislature intended in the particular instance that a different construction should be given to the word. *State ex rel. Simpson et al.* v. *Meeker et al.* (1914), 182 Ind. 240, 243, 105 N. E. 906, 907 and cases cited. *Wysong* v. *Automobile Underwriters, Inc.* (1933), 204 Ind. 493, 504, 184 N. E. 783. *State ex rel. DeArmond* v. *Superior Court of Madison County* (1940), 216 Ind. 641, 643, 25 N. E. 2d 642. *City of Gary* v. *Yaksich* (1950), 120 Ind. App. 121, 126, 90 N. E. 2d 509. 59 C. J. *Statutes* §§635, 636. *Bemis* v. *Guirl Drainage Co.* (1914), 182 Ind. 36, 52, 105 N. E. 496.

Since it is undoubtedly the very purpose of the Declaratory Judgments Statute to give to "any person" whose rights, status or other legal relations are affected by a statute, the right to have any question of construction or validity arising under it determined and to have a declaration of rights, status or other legal relations thereunder, we do not think the jurisdiction of the trial court of the subject-matter of the action can possibly depend upon whether everyone who may have or claim an interest which would be affected by the declaration are made parties to the action. The word "shall" as used in the first sentence of the compound sentence with which Sec. 3-1111 Burns' 1946 Replacement begins should be construed to mean "may". This construction is required because the Declaratory Judgments Statute is remedial in nature as

is provided by Sec. 3-1112 Burns' 1946 Replacement as follows:

"This act is declared to be remedial; its purpose is to settle and afford relief from uncertainty and insecurity with respects to rights, status and other legal relations; and it is to be liberally construed and administered." *Brindley* v. *Meara* (1935), 209 Ind. 144, 149, 198 N. E. 301.

We are further convinced that this is the construction intended by the legislature because of the second division of the compound sentence as follows: "and no declaration shall prejudice the rights of persons not parties to the proceeding." By this provision the legislature indicated that there might arise cases in which all proper parties might not be made parties to the proceeding. It seems certain that it did not intend that this defect should in any way affect the jurisdiction of the court to proceed to hear and determine the action. We, therefore, hold that this defect, if such it is, did not divest or affect the jurisdiction of the trial court of the subject-matter of the action.

Of course, the original action for a writ of prohibition may not be used as a substitute for an appeal. Many things attempted to be presented by relators and also by respondents have not been considered in this opinion because they do not affect the jurisdiction of the trial court. They have to do with what relator might charge as errors committed by the trial court. Such can be considered by this court only on appeal. *State ex rel. Harkness et al.* v. *Gleason* (1918), 187 Ind. 297, 119 N. E. 9. *The Board of Commissioners of Jasper County* v. *Spitler* (1859), 13 Ind. 235, 240. *State ex rel. Wheeler* v. *Leathers, Judge* (1925), 197 Ind. 97, 104, 149 N. E. 900. *State ex rel.*

*Feeney* v. *Superior Court* (1934), 206 Ind. 78, 82, 188 N. E. 486, Dissent, Myers, J. *State ex rel. McGarr* v. *DeBaun, Judge* (1926), 198 Ind. 661, 673, 154 N. E. 492, Dissent, Willoughby, J. *State ex rel. Allman* v. *Grant Superior Court* (1939), 215 Ind. 249, 19 N. E. 2d 467. *State ex rel. Gannon* v. *Lake Circuit Court* (1945), 223 Ind. 375, 379, 61 N. E. 2d 168. *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 168, 96 N. E. 2d 268.

For the reasons given the temporary writ of prohibition which issued herein is dissolved and the permanent writ prayed for is denied.

Emmert, C. J., not participating.

NOTE.—Reported in 109 N. E. 2d 409.