STATE EX REL. BRENNAN *v.* SUPERIOR COURT OF
MARION COUNTY, ROBB, JUDGE.

[No. 29,913. Filed April 26, 1960.]

*Ben F. Hatfield, Jr.* and *Coates, Brennan, Hatfield &
Calkins,* of Indianapolis, for relator.

*Floyd W. Burns, Patrick J. Smith* and *Thomas M.
Scanlon,* all of Indianapolis, for respondent.

ARTERBURN, C. J.—This is an original action brought
in the Supreme Court by the relator for a writ of pro-

hibition against the respondent as judge of the Superior Court of Marion County, Room No. 3 as a result of the commitment of the relator to the Marion County jail for an alleged contempt of court.

A number of serious questions are urged upon us with reference to the procedure followed in this contempt action, including the manner in which the action was instituted. These questions turn in most instances upon whether the alleged contempt is direct or indirect. We need not consider such issues, since the relator cannot maintain this original action for a writ of prohibition here for a very obvious and patent reason.

Under Rule 2-35 it is provided:

". . . no petition for a writ of prohibition will be entertained until the relator has first attacked the want or excess of jurisdiction of the trial court by a *written motion,* brought to the attention of the judge if filed in vacation, which has been denied or not promptly acted upon." (Our italics.)

The record does not show that any motion of the character provided in the rule was presented to the trial court, and no sound reason is shown why such a motion could not have been filed and presented to the trial court and a record made accordingly. *State ex rel. Durham* v. *Marion Circuit Court* (1959), 240 Ind. 132, 162 N. E. 2d 505.

The relator attempts to excuse this failure by stating he presented a written motion informally to the judge. After the judge indicated he would overrule it, relator then decided it would be "a useless act" to file it and make a record of such action. We may not waive a compliance with a rule of procedure, which has substantial merit for its existence, on such an admission. The same excuses could be used for failure to file any pleading and for failure to present any

record in a trial court on any question sought to be raised later on an appeal. The relator has failed to present a record in accordance with rules which require that it show that the trial court was first given an opportunity to correct its error before we are called upon to review it.

Whether or not the acts of the relator constitute either direct or indirect contempt or no contempt whatever, we do not decide. Relator has an opportunity to give bond and bring the issue before us on appeal. All questions with reference to the merits of such matter remain for our consideration at that time.

The temporary writ issued is dissolved and the permanent writ denied.

Jackson, Landis, and Achor, JJ., concur.

Bobbitt, J., dissents with opinion.

## DISSENTING OPINION

BOBBITT, J.—I dissent from the majority opinion because I believe that there was a substantial compliance with Rule 2-35, particularly since relator's statement that he presented to respondent judge a written motion, which questioned the jurisdiction of the trial court, a copy of which is set out in relator's reply to respondent's return, is supported by a statement in respondent's return that about three o'clock p.m. on February 26, 1960, relator's counsel "returned to Respondent Court and renewed the request that Respondent change the judgment and the commitment and asserted orally that the matter dealt with did not constitute a direct contempt of Court and that Respondent had no jurisdiction in the matter."

I would decide the case on the merits.

NOTE.—Reported in 166 N. E. 2d 336.