STATE EX REL. SAYLOR DEVELOPMENT COMPANY, ET AL.
*v.* CIRCUIT COURT OF MARION COUNTY, NIBLACK, JUDGE.

[No. 29,930. Filed May 31, 1960. Rehearing denied
June 28, 1960.]

*Armstrong, Gause, Hudson & Kightlinger,* of Indianapolis, for relators.

*Alembert W. Brayton,* of Indianapolis, for respondents.

ARTERBURN, J.—The relator, Saylor Development Company, Inc., is the owner of a sixty-eight-acre tract of land in the southern part of Marion County immediately adjoining a four-lane highway. This property was at one time zoned for agricultural use under the metropolitan master plan zoning ordinance. Thereafter, in order to permit the erection on the tract of a shopping center, the relator petitioned the Metropolitan Plan Commission of Marion County for an amendment of the zoning ordinance, which was granted. Frank Ketchum and others, who were part owners of property adjoining and in the neighborhood of the tract in question, brought an action in the Circuit Court of Marion County to enjoin the relator company from the use of the ground as proposed. The complaint alleged among other things, that the relator's threatened use of the tract would interfere with the enjoyment of such plaintiff's real estate and would constitute a nuisance, to the injury of such plaintiffs, for which an award of damages would not adequately compensate. The complaint further alleged that the purported amendment of the zoning ordinance for the proposed use as a shopping center was illegal and void for a number of reasons, among them, that the requisite statutory notice was not given to certain property owners.

The relator and defendant below filed a motion in the circuit court to dismiss the action on the ground that the court did not have jurisdiction over the sub-

ject matter and upon the overruling of such motion, filed a petition in this court for a writ of prohibition against the circuit court. We issued a temporary writ at the time.

The relator, in support of his petition for a writ of prohibition, contends that the Circuit Court of Marion County had no jurisdiction to entertain a complaint for an injunction nullifying the amendment of the zoning ordinance. In substance, relator's argument boils down to the proposition that the complaint for the injunction does not state facts sufficient to constitute a cause of action. Therefore, the circuit court lacks jurisdiction and we should issue an injunction after an examination and testing of the complaint, accordingly.

The relator relies upon the case of *State ex rel. Mar. C. Pl. Comm.* v. *Mar. S. C. et al.* (1956), 235 Ind. 607, 135 N. E. 2d 516. That case does not support the relator. There an administrative appeal by certiorari was granted by the statute specifically to the circuit court.

Respondent points out that the 1955 Zoning Act, which is applicable in the case before us, makes no provision for an appeal from the Metropolitan Plan Commission or council when the master plan is amended. A review is granted only from actions of the board of zoning appeals. (Burns' §53-974.) It is urged that the legislature, having failed to provide for an administrative appeal, the respondent, nevertheless, is constitutionally entitled to a judicial review. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *Hansen* v. *Town of Highland* (1958), 237 Ind. 516, 147 N. E. 2d 221; *City of Plymouth* v. *Stream Pollution Cont. Bd.* (1958), 238 Ind. 439, 151 N. E. 2d 626; *Mann* v. *City of Terre Haute et al.* (1960), 240 Ind. 245, 163 N. E. 2d 577. In the latter case we said: (at p. 579)

"We have held that where the legislature has failed to provide for a statutory remedy of appeal sufficiently broad, the courts nevertheless ■ will grant such a judicial review, since each litigant is entitled to an appeal. (Cases cited.)

. . .

"This may be done by a proceeding in equity asking for an injunction against the alleged erroneous action of the board, commission or governmental corporation. The appellant has done that in this case in its complaint against the city. In addition to raising the constitutional questions the complaint, by specific allegation, has raised the issue of unreasonableness and arbitrary action of the City. . . ."

In the latter case, as here, the contention was made that certain legislation was unconstitutional because it deprived the appellant of the opportunity to review the alleged arbitrary action of administrative tribunals, the Stream Pollution Control Board and the City of Terre Haute in the issuance of certain revenue bonds for the purpose of building a sewage treatment and disposal plant.

The Circuit Court of Marion County is not a statutory court, but one of general jurisdiction to issue injunctive relief. Acts 1881 (Spec. Sess.), ch. 38, ■ §177, p. 240; 1899, ch. 233, §1, p. 535, being §3-2101, Burns' 1946 Replacement.

A petition for a writ of prohibition or mandate against a trial court may not be used as a demurrer to test the complaint in the action pending below ■ for the purpose of determining whether or not it states facts sufficient to constitute a cause of action. A court does not lose jurisdiction to consider a defective or bad complaint. The duty resides with the trial court in exercising its jurisdiction to rule upon

the sufficiency of a complaint. It has the latitude to err, which action may properly be reviewed by us upon appeal.

In *State ex rel. Pub. Serv. Com.* v. *Marion C. Ct.* (1951), 230 Ind. 277, 100 N. E. 2d 888, this Court, in refusing writ of prohibition, quoted with approval from *State, ex rel.* v. *Gleason* (1918), 187 Ind. 297, 299, 119 N. E. 9, as follows:

". . . It thus appears that the court had general jurisdiction of the subject-matter of the action and had power to grant injunctions in proper cases. It is not denied that the court had obtained jurisdiction of the parties to the proceeding. It has been uniformly held that a court, which has jurisdiction of the subject-matter of an action and which has obtained jurisdiction of the parties, has power to hear and determine such action."

A case very similar in nature to that presented to us here on petition for writ of prohibition was before the Appellate Court in *Hirschman et al.* v. *Mar. Co. Plan Comm. et al.* (1957), 128 Ind. App. 520, 146 N. E. 2d 277, transfer denied May 29, 1958. In that case an appeal was taken from the sustaining of a demurrer to a petition for writ of certiorari and injunction against the Marion County Plan Commission. The Appellate Court reversed the judgment of the Marion Circuit Court and remanded the cause, with instructions to overrule the demurrer on the ground that the Marion Circuit Court did have jurisdiction to review the actions of the plan commission as to whether or not it violated any procedural requirements, abused its discretion or was illegal for any other reason. It appears to us that the Marion Circuit Court in this case had general jurisdiction of the subject matter and of the parties in this cause, and we have no power to

interfere by issuing a writ of prohibition or mandate in this case.

The temporary writ is dissolved and the permanent writ is denied.

Jackson, C. J., Landis and Achor, JJ., concur.

Bobbitt, J., concurs in result.

NOTE.—Reported in 167 N. E. 2d 470.