STATE EX REL. NINETEENTH HOLE, INC. v. MARION SUPERIOR COURT, EMHARDT, JUDGE.

[No. 30,296. Filed April 10, 1963.]

*John D. Raikos* and *Raikos, Barton, Rochford & Thomas,* of counsel, of Indianapolis, for relator.

*Joseph C. Wallace* and *Martz, Beattey & Wallace,* of counsel, of Indianapolis, for respondents.

ARTERBURN, J.—The relator has filed a petition for a writ of prohibition against the respondent court, asking that the court be prohibited from proceeding with the appointment without notice of a receiver for relator Corporation. We issued a temporary writ.

The facts, according to the record, show that a complaint "For Accounting and Appointment of Receiver for Corporate Defendant" was filed on June 25, 1962. A summons was issued on the same date. There was also filed on that date an "Affidavit for the Appointment of a Receiver without Notice." On that date the respondent court appointed Nicholas W. Sufana as the receiver upon the affidavit filed, without any notice to the relator corporation.

It was not until almost a month later (July 23, 1962) that the appointment without notice was challenged by a motion to vacate the order, although the summons had been served and the relator undoubtedly had notice on the day following the appointment (June 26, 1962). The record fails to show any ruling on the motion to vacate. The petition for a writ of prohibition was thereafter filed on August 6, 1962, in this court, two days prior to the date fixed by the trial court for a hearing on the receivership.

There are a number of reasons why the writ of prohibition must be denied. First, it appears from the record that a considerable length of time trans-

pired before the relator saw fit in any way to challenge the jurisdiction of the trial court to appoint a receiver without notice. No explanation or excuse is offered for this delay. Forty-two days after the appointment and just two days before the date set for a hearing on the merits of the appointment, the relator came into this court asking for a writ of prohibition. Had relator waited two more days, it would have received what it was insisting upon, a hearing on the merits, and any question on the previous appointment without notice would have been rendered moot.

Previous decisions of this court have held that actions equitable in nature, such as original actions of mandate and prohibition, must be expeditiously filed. *State ex rel. Hashfield* v. *Warrick Cir. Ct.* (1961), 242 Ind. 318, 178 N. E. 2d 734; *State ex rel. City of Marion et al.* v. *Grant Cir. Ct.* (1959), 239 Ind. 315, 157 N. E. 2d 188; *State ex rel. American Fletcher etc.* v. *Lake S. Ct.* (1961), 242 Ind. 118, 175 N. E. 2d 3.

We are not impressed with any urgency for the issuance of the extraordinary writ by this court where such unreasonable delay in objecting to the authority of the trial court is revealed. Extraordinary writs are issued only in cases of emergency. It is not the policy of this court to issue the extraordinary writs against lower courts on slight occasions, but only in special cases to prevent impending injury. The relief sought must be clear. Whether a writ should be issued rests largely in the sound discretion of the Supreme Court. *State ex rel.* v. *Gleason* (1918), 187 Ind. 297, 119 N. E. 9; Flanagan, Indiana Trial and Appellate Practice, §2985, p. 448.

The statute provides that an appeal must be taken by the aggrieved party within ten days after the appointment. Burns' §3-2603. We have held that this ten day period runs from the time the aggrieved party has notice of the appointment. *Fagan, etc., et al.* v. *Clark et al.* (1958), 238 Ind. 22, 148 N. E. 2d 407; *McConnell* v. *Fulmer* (1952), 230 Ind. 576, 103 N. E. 2d 803.

The record is usually very short and takes no longer to prepare for an appeal than for a writ of prohibition.

The statute (Burns' §3-2603) provides that an appellant may file an appeal bond which vacates the receivership pending the appeal.

Furthermore, a review on appeal is broader than in prohibition. In the former, this court is not limited to the mere question of jurisdiction, but may review any abuse of discretion of the trial court, including any failure to *require the giving of a bond for damages* if the receivership appointment without notice and hearing is wrongful. Equity grants a trial court the authority to require a bond as a condition to an appointment of a receiver without notice.

> "In the absence of statute, it rests within the discretion of the court to require an applicant for the appointment of a receiver to give bond for the damages resulting if the appointment is revoked or set aside." 75 C. J. S., Receivers, §62, p. 717.

With the requirement of an indemnifying bond for damages, if the appointment of a receiver without notice is wrongful, a review by appeal becomes an adequate remedy.

■ In any event, it is fundamental that a writ of prohibition cannot be used as a short-cut for an appeal.

"Far too frequently writs of prohibition or mandate are sought to be used as a short-cut to an appeal on the merits. This cannot be done." *State ex rel. Durham* v. *Marion Circuit Court* (1959), 240 Ind. 132, 162 N. E. 2d 505.

In *State ex rel. Local Union No. 414* v. *Allen C. C.* (1960), 240 Ind. 518, 164 N. E. 2d 648 a writ of prohibition was sought against a trial court which had issued a restraining order without notice. There we said: (p. 650)

"As the record discloses the remedy of appeal was available to defendants-relators to raise the questions they later have sought to raise in this original action for writ of prohibition, we must decline to entertain these proceedings." *State ex rel.* v. *Brennan, Judge* (1952), 231 Ind. 492, 109 N. E. 2d 409.

■ Neither can the writ be used as a legal vehicle for testing the sufficiency of a complaint or petition.

"A petition for a writ of prohibition or mandate against a trial court may not be used as a demurrer to test the complaint in the action pending below for the purpose of determining whether or not it states facts sufficient to constitute a cause of action. A court does not lose jurisdiction to consider a defective or bad complaint. The duty resides with the trial court in exercising its jurisdiction to rule upon the sufficiency of a complaint. It has the latitude to err, which action may properly be reviewed by us upon appeal." *State ex rel. Saylor Develop. Co.* v. *Circuit Court* (1960), 240 Ind. 648, 167 N. E. 2d 470.

• Likewise, we have said many times that the mere fact that a trial court erroneously decides a question presented does not deprive it of jurisdiction. If a court decides erroneously, the remedy is through an appeal. Jurisdiction includes the power to decide erroneously as well as correctly. *State etc.* v. *Marion Cir. Ct. etc.* (1959), 239 Ind. 327, 157 N. E. 2d 481; *State ex rel. Durham* v. *Marion Circuit Court* (1959), 240 Ind. 132, 162 N. E. 2d 505.

The case of *State ex rel. Red Dragon Diner* v. *Superior Ct.* (1959), 239 Ind. 384, 158 N. E. 2d 164 is not in point. The petition in that case contained only the bare conclusions that the defendant "is insolvent and owes a large amount of indebtedness...."

In this case we find the application for a receiver specifies that the inventory and stock is being dissipated and wasted through mismanagement and that the defendant in charge of the relator corporation, Roy C. Robinson, is absenting himself from the place of business. Detailed allegations are made with reference to the acts that are destroying the business, which acts will continue unless some immediate action is taken.

There is still a further reason why the writ must be denied. Rule 2-35 has not been complied with except as to the filing of a motion to vacate the order. No ruling of the court has been obtained on the motion, which is still pending as far as the record shows. The relator has filed an "Affidavit certifying compliance with Rule 2-35." This affidavit by the relator's attorney contains no certification of any court records. It merely states that "legal authorities were called to the attention of the respondent" judge in a "personal interview on the 3rd day of August, 1962." It is further stated that the

respondent judge refused to sustain relator's motion to vacate the order appointing the receiver without notice, but there is no official record supporting this claim. No explanation or excuse is offered as to why the court did not make a record of its ruling. A court speaks only through its record. There is no showing that the judge refused to make a record. Therefore, we do not have a case where a judge has refused to make a record and proof must be made otherwise. A somewhat similar situation existed in the case of *State ex rel. Brennan* v. *Superior Court etc.* (1960), 240 Ind. 446, 166 N. E. 2d 336. There the relator attempted to excuse his failure to comply with Rule 2-35 by stating that he had informally presented a written motion to the judge and then, after the judge indicated he would overrule it, decided it would be a useless act to file it and make a record of such action. We said in that case (p. 337) :

> "We may not waive a compliance with a rule of procedure, which has substantial merit for its existence, on such an admission. The same excuses could be used for failure to file any pleading and for failure to present any record in a trial court on any question sought to be raised later on an appeal."

The relator has failed to present a record in accordance with our rules, which require that it be shown that the trial court, by a written motion, was given an opportunity to correct its error and that it refused to do so.

The temporary writ is vacated and the permanent writ is denied.

Landis and Myers, JJ., concur.

Jackson, C. J., concurs in result.

Achor, J., concurs in part, dissents in part with opinion.

CONCURRING IN PART, AND DISSENTING IN PART

ACHOR, J.—I concur in the opinion of Arterburn, J. insofar as it is based upon the grounds that the petitioner was guilty of laches in the bringing of his action to prohibit the trial court from appointing a receiver without notice, and that the writ did not comply with Rule 2-35 of this court.

I do not concur in the opinion insofar as it enunciates the following three general propositions of law as governing in a case of this exceptional character: 1) A writ of prohibition may not be used as a vehicle for testing the sufficiency of a complaint for the appointment of a receiver without notice, which complaint does not state facts sufficient to invest the court with jurisdiction; 2) that even though the complaint does not allege facts sufficient to invest the court with jurisdiction of the case, the court must be given the right to erroneously decide the question of its jurisdiction and that the remedy for such erroneous decision must be had by appeal, or. 3) that a party whose property is thus wrongfully appropriated has an adequate remedy by appeal.

1. The generally accepted propositions of law, as stated in the majority opinion, cannot be applied without exception in proceedings for the appointment of a receiver without notice. It is one of the most fundamental and basic rules of judicial process that a court acquires no jurisdiction over the subject-matter of the cause or of the defendants therein, except and until the defendant has been served with notice of the action filed against him. However, in contravention of this generally established rule, courts have been authorized

to appoint receivers without notice and thus usurp by judicial process, without notice, the property of a defendant, provided facts are stated in the complaint which warrant this extraordinary exercise of jurisdiction. The facts necessary to the exercise of such jurisdiction have been prescribed in the opinions of this court, and must be specifically stated in the complaint seeking such relief. *State ex rel. Red Dragon Diner* v. *Superior Court* (1959), 239 Ind. 384, 386-387, 158 N. E. 2d 164, 166.[1] The required facts are not stated in the complaint before us.

In the absence of these specifically prescribed allegations of fact, the court has no jurisdiction to appoint a receiver without notice and thus usurp the property of a party-defendant who has not been brought within the judicial arm of the court.

2. Except and unless the complaint asking for the appointment of a receiver without notice contains allegations sufficient to invest the court with jurisdiction to enter such a decree, the court has no authority to erroneously decide that it may exercise such jurisdiction. If a court erroneously assumes jurisdiction of a cause, an original action and prohibition brought to this court is a proper remedy. Acts 1955, ch. 253, §1, p. 647, being §3-2201, Burns' 1962 Cum. Supp. Rule 2-35.

3. I do not agree that an appeal from an unauthorized appointment of a receiver provides an injured party with an adequate remedy. In order to remove the

---

1. —"(1) That an emergency exists which renders interference necessary before there is time to give notice in order to prevent waste, destruction or loss . . . . (2) That protection cannot be afforded in any other way, as by temporary restraining order. . . . (3) That plaintiff could not reasonably have anticipated the injury in time to give notice. . . ." *State ex rel. Red Dragon Diner* v. *Superior Ct.* (1959), 239 Ind. 384, 386-387, 158 N. E. 2d 164, 166.

receiver pending appeal, it would be incumbent upon the appellant to post bond sufficient to satisfy the claim of creditors or other parties interested in the litigation. This might impose an impossible burden upon the business involved, especially if it were already laboring under financial difficulties. On the other hand, if the receiver is permitted to remain in control of the business pending appeal, he would not ordinarily, under present practice, be made responsible for any more than a proper accounting for his transactions as receiver. He could be, but ordinarily is not, made accountable for losses sustained by the business by reason of its usurpation by the receiver, even though it is ultimately determined that there was no cause for such appointment. Furthermore, the period of time required for a determination of the issue on appeal is such that, even though the owner of the business prevailed in his appeal, the business without the owner's experienced management might well have suffered irreparable loss.

NOTE.—Reported in 189 N. E. 2d 421.