STATE EX REL. METROPOLITAN THOROUGHFARE AUTHORITY *v.* MARION SUPERIOR COURT, FUNK, JUDGE.

[No. 30,557. Filed June 15, 1964. Rehearing denied October 13, 1964.]

*O. T. Kilgore,* of Indianapolis, for relator.

*Lloyd L. DeWester, Jr., Ross P. Walker* and *Arch N. Bobbitt,* all of Indianapolis, for respondents.

ACHOR, C. J.—The action was filed on March 23, 1964, and the record in the office of the clerk indicated that notice was mailed to the respondent as follows:

> "You are further notified that you have twenty (20) days from the date of service of this notice within which to file any answer, response or objection to the proceedings with brief in support thereof."

The attention of this court having been directed to the fact that no such response had been filed by the respondent, pursuant to the above notice, the court issued a temporary writ prohibiting respondent "from proceeding further or exercising jurisdiction in . . . the cause of Dallas Sells, Plaintiff, v. Bureau of Motor Vehicles of the State of Indiana, Defendant, . . . pending final determination by the court as to whether a

permanent writ of prohibition should issue in said cause."

The respondent now asks leave to file a belated response, and in support thereof files a verified statement that he did not receive the above notice. We have, therefore, accepted the belated filing of respondent's answer, with brief in support thereof.

We have examined relator's petition and respondent's answer thereto and conclude that the issue as to the validity of the judgment above described is not properly before us, for the reason that relator has not complied with Rule 2-35 of this court in bringing this action.

Rule 2-35 provides, in part, as follows:

" . . . Except in cases involving a change of venue, no petition for a writ of prohibition will be entertained until the relator has first attacked the want or excess of jurisdiction of the trial court by a written motion, brought to the attention of the judge of the trial court, which has been denied or not promptly acted upon. Except in cases involving a change of venue, no petition for an alternative writ of mandamus will be entertained unless it be shown that the duty to act has been presented or brought to the attention of the judge of the trial court. If the relief sought relates to a proceeding in an inferior court, certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto. . . . "

We may not waive compliance with this rule under the circumstances of this case. *State ex rel. Brennan* v. *Superior Court of Marion County* (1960), 240 Ind. 446, 166 N. E. 2d 336.

From the record now before us it appears that relator did not at any time directly challenge the

lack of jurisdiction of the respondent in the same cause in which he now seeks this writ of prohibition; nor are certified copies of *all* pleadings, orders and entries pertaining to the subject matter set out in the petition or made exhibits thereto.

Admittedly relator did file a separate action in the Circuit Court of Marion County challenging the validity of the judgment entered by the respondent court, which cause of action was transferred to respondent court and docketed as a separate cause of action. However, these circumstances do not constitute compliance with Rule 2-35, *supra*.

The temporary writ of prohibition heretofore issued is dissolved, and the permanent writ prayed for is denied.

Arterburn, Jackson and Landis, JJ., concur.

Myers, J., not participating.

NOTE.—Reported in 199 N. E. 2d 344.