STATE OF INDIANA EX REL. COOK v. THE SUPERIOR COURT OF ALLEN COUNTY, NO. 1 ET AL.

[No. 31,020. Filed October 10, 1966.]

*Daniel F. Cummings, Miles & Cummings,* and *Forrest B. Bowman, Jr.,* of Indianapolis, and *David Peebles,* of Fort Wayne, for relator.

*Robert S. McCain,* of Fort Wayne, for respondent.

*Frank Celarek, pro se.*

PER CURIAM—The relator has asked for a writ of prohibition to restrain the respondent trial court from proceeding further on a petition for citation for contempt in which it is alleged that the relator and others have violated interlocutory orders made by the trial court.

The relator contends that the trial court does not have jurisdiction to hear the contempt proceedings "for the reason that the same was not brought in the name of the State of Indiana and that the State of Indiana is not made a party thereto." A temporary writ was issued by this Court.

The relator has filed no brief in chief with the petition. This case, after briefing time had expired, was assigned to a justice of this Court for an opinion, which was prepared for circulation. Thereafter the relator, almost two weeks after the time within which he could have filed a reply brief, petitioned this Court to file a reply brief and tendered a reply brief therewith. This petition does not meet the requirements of Rule 2-16 in many particulars, and we must deny the petition. This delay on the part of the relator does not comport with the "Affidavit of Emergency" which was filed by the relator in order to get a prompt hearing in this matter.

We have, however, in order not to be led astray, examined the tendered brief of relator and find nothing therein which

we have overlooked in the consideration of this case. The respondent claims that the proceeding is one for civil contempt, and in the brief of respondent it is stated that the proceedings are in accordance with *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313; that this being a civil contempt proceeding, the petition for contempt was filed in the original civil proceedings out of which it grew and not as a separate action; that the petition was captioned as in the original action and not brought in the name of the State of Indiana as a criminal contempt proceeding. With this contention of the respondent we must agree. The record here is meager. There is no certified copy of the kind of judgment entered by the court when it issued the interlocutory injunction. An allegation in the petition for citation for contempt states that this interlocutory order was issued by agreement of the parties.

The relators urge that the prayer in the petition for contempt is for punishment. Be that as it may, the respondent court, in its return, states that no punishment as in criminal contempt, will be inflicted. It appears that the trial court is considering this proceeding civil in character. We point out in *Duemling* v. *Ft. Wayne* (1962), 243 Ind. 521, 524, 188 N. E. 2d 274, 276, a distinction in the character of the "coercion" used in civil and criminal contempt and the purposes thereof. We said there:

"A civil contempt is a violation of a court order which results in a proceeding for the benefit of the aggrieved party. It is not an offense primarily against the dignity of the court, but rather is for the benefit of the party who has been injured or damaged by the failure of another to conform to a court order issued for the private benefit of the aggrieved party."

It was further stated that the primary objective of a civil contempt is not to punish the defendant, but rather to coerce action for the benefit of the aggrieved party, although in doing so the imprisonment or the fine may have some of the characteristics of punishment in order to coerce action. We assume

that the word "punishment" as used in the petition for contempt is used in a broad and general sense rather than in the narrow sense as used in criminal contempt proceedings.

We have here only the question of the jurisdiction of the trial court. The trial court is one of general jurisdiction. Nothing has been presented to us which points out its lack of jurisdiction in this proceeding. We have said many times that a writ of prohibition against a trial court may not be used to test the complaint or petition, as by demurrer, nor may it be used as a short-cut for an appeal to this Court. The remedy in case of claimed error is through that of appeal. Such appeal from interlocutory orders, under the rule of this Court and the statute, is prompt and speedy. Burns' Ind. Stat. Anno. § 2-3219 (1946 Repl.) ; *State ex rel. Harness* v. *Gleason* (1918), 187 Ind. 297, 119 N. E. 9; *State ex rel. Saylor Development Co.* v. *Circuit Court* (1960), 240 Ind. 648, 167 N. E. 2d 470.

The temporary writ heretofore issued is dissolved and the petition for a permanent writ is denied.

Myers, J., dissents without opinion. Achor, J., not participating.

NOTE.—Reported in 220 N. E. 2d 342.