**CITY OF WABASH, Appellant,**

v.

**WABASH COUNTY SHERIFF'S DEPARTMENT, Sheriff Larry Rice and County of Wabash, Appellees.**

**No. 85A04–8908–CV–372.**

Court of Appeals of Indiana,
Fourth District.

Nov. 20, 1990.

Robert R. McCallen, III, Wabash, for appellant.

Mark C. Guenin, Wabash, Thomas J. Mattern, Wabash, for appellees.

MILLER, Presiding Judge.

This case of first impression arises out of a jurisdictional dispute as to who is responsible for the service of process of a city court. The Wabash County Sheriff's Department refused to serve the Wabash City Court processes (warrants, body attachments, contempt citations, summons, orders to appear, etc.) in the area located outside the Wabash City limits but within Wabash County. The City of Wabash (the City) filed a complaint against the Wabash County Sheriff's Department, Sheriff Larry L. Rice and Wabash County in the Wabash Circuit Court seeking to mandate the Sheriff's Department to serve the City Court process directed outside of the city but within the County. After a hearing on the City's motion for summary judgment, partial summary judgment was granted on behalf of each party. Specifically, the Circuit Court held that the Sheriff's Department would be mandated to serve *only* the City Court's contempt citations and body attachments,[1] but no other civil processes.

The City appeals claiming the Sheriff also has a duty to serve all summons, motions for proceedings supplemental and orders to appear issued from a city court. The issue, which we have restated, follows:

> Whether the partial summary judgment of the Wabash Circuit Court, which held that the City Court is without legal authority to direct civil process to the county sheriff for service, except for contempt citations and body attachments, is contrary to law.

▮▮▮ We reverse, finding that when the statutes and court rules which control this issue are read together, they contemplate that the sheriff of a county has a duty to serve all legal process from a city court, which is directed within the county, but outside of the city limits.

## DISCUSSION AND DECISION

▮▮▮ In review of the grant or denial of summary judgment, we stand in the trial court's shoes and consider the same matters it considered. *Board of Hamilton Heights School Corporation v. Landry* (1990), Ind.App., 560 N.E.2d 102. Because there are no disputed facts and the question presented is a pure question of law, we review the matter *de novo*. Bagni, Giddings, & Stroud, INDIANA PRACTICE— Appellate Procedure § 102–103 (1979) at 120–126. A pure question of law is one that does not require, for its resolution, reference to extrinsic evidence, the drawing of inferences therefrom, or consideration of credibility questions. *Id.* at 123. The issue here does not involve any factual dispute, but is strictly a matter of statutory construction.

▮▮▮ The City requested the Circuit Court to mandate the Sheriff to perform his duty. Mandate is an extraordinary remedy expressly provided for by statute and may be prosecuted against a public officer to compel the performance of any act which the law specifically enjoins or any duty resulting from any office, trust or station. IC 34–1–58–2. However, mandate will not lie unless the duty to act is absolute. *Moore v. Smith* (1979), 181 Ind.App. 81, 390 N.E.2d 1052, 1054; *State ex rel. Cassel v. Johnston* (1933), 204 Ind. 563, 185 N.E. 278. Thus, mandate is proper only if the sheriff has a duty.

In determining whether such a duty exists, we look first to the statutes. When construing statutes, this court is bound by rules of statutory construction. *Economy Oil Corp. v. Ind. Dept. of State Revenue* (1975), Ind.App., 162 Ind.App. 658, 321 N.E.2d 215, 218. In *Economy*, Judge Rob-

---

1. The court relied on Ind.Code 34–4–9–1 in granting partial summary judgment to the City. The specific language of the statute requires the sheriff to serve orders in civil or criminal contempt proceedings, which provides as follows: IC 34–4–9–1: "In any proceeding in any court of record and of original jurisdiction authorized or empowered by law to enforce its orders by contempt proceedings, whether the contempt proceedings be civil or criminal in nature, the court may order citation issued to the sheriff of any county for service upon the person alleged to be guilty of contempt or in violation of any order of said court ... Citation shall be served by the sheriff to whom it is addressed in the same manner as summons is served in a civil proceeding ..."

ertson summarized the rules which guide us in this decision, which include:

1. A statute clear and unambiguous on its face need not and cannot be interpreted by a court.

2. A court interprets ambiguous statutes to ascertain and effectuate the general intent of the legislature.

3. The spirit of an enactment will prevail over the letter of the law.

4. If a statute is susceptible to more than one interpretation, then the court may consider the consequences of a particular construction.

5. There is a presumption the legislature is aware of existing statutes on the same subject when it enacts a particular piece of legislation.

6. Statutes relating to each other are in *pari materia* and should be construed together to produce a harmonious system.

7. When two statutes on the same subject must be construed together, the court should attempt to give effect to both; however, where the two are repugnant in any of their provisions, then the later will control and operate to repeal the former to the extent of the repugnancy.

8. When one statute deals with a part of the same subject in a more detailed or specific manner, then the two should be harmonized, if possible; but if they are irreconcilable then the more detailed will prevail as to the subject it covers.

We first observe that a city court has criminal jurisdiction over "all violations of the ordinances of the city" and "of all misdemeanors and all infractions." IC 33–10.1–2–2. A city court also has concurrent civil jurisdiction with the circuit court of a county. IC 33–10.1–2–3.1, 33–10.1–2–4.[2]

■ The rules governing city courts establish that a city court is governed by the rules for circuit courts and that it has all the powers incident to a court of record. City courts are governed by the laws and rules governing the practice, pleading and *processes* in circuit courts. IC 33–10.1–5–1. A city court can enforce its orders like a circuit court. IC 33–10.1–2–1.[3] Clearly, as the trial court held, the city court has the power to order the sheriff to serve contempt citations or notice of violations of its orders. IC 34–4–9–1, (See footnote #1, supra.)

The sheriff and members of the sheriff's department are directed by statutes IC 36–8–10–9 and 36–2–13–5 to serve all process directed from a court—which would appear to include a city court. The pertinent sections of the statute dealing with the sheriff's duties are as follows:

**Powers and duties—the Sheriff *shall*:**

\* \* \* \* \* \*

(4) Execute all process directed to him by legal authority;

(5) Serve *all process* directed to him from a *court* or the county executive; . . ."

\* \* \* \* \* \*

IC 36–2–13–5 (Emphasis added).

We note the legislature used the mandatory word "shall". "When the word 'shall' appears in a statute, it is construed as mandatory rather than directory unless it appears from the context or the purpose of the statute that the legislature intended a different meaning." *United Rural Elec. v. Ind. & Mich. Elec.* (1990), Ind., 549 N.E.2d 1019, at 1022,[4] citing *State ex. rel. City of*

---

**2.** The amount in controversy is limited to $500 under IC 33–10.1–2–3.1, and the court does not have jurisdiction in actions for slander, libel, foreclosure of mortgage to real estate, title to real estate, matters relating to estates, appointment of guardians, and actions in equity.

IC 33–10.1–2–4 limits the amount in controversy to $3000 for a city court of a second class city in a county with three or more second class cities.

**3.** IC 33–10.1–2–1: "A judge of a city court ... has all powers incident to a court of record in relation to the attendance of witnesses, the punishment of contempts, the enforcement of its orders, and the issuing of commissions for taking depositions in cases pending in the court."

**4.** The *United* court noted that the manual which guided Indiana's drafters of legislation—Legislative Services Agency, Form and Style Manual for Legislative Measures (1977)—when the 1980 act was adopted provided: "A duty or obligation is best expressed by 'shall' (in a mandatory

*Indianapolis v. Brennan* (1952), 231 Ind. 492, 109 N.E.2d 409.

The Sheriff argues that the general language of the statutes regarding a sheriff's duty to serve all court processes should be controlled by more specific statutes dealing with service of process in the city courts. The Sheriff points to the following statutes in support of his position that the city court processes are to be served only by the city police or a specially appointed bailiff.

**33–10.1–5–3 City court; warrants or other processes**

*"All warrants or other processes is-sued by the city court shall be directed to the chief of police* of the city or any person specially deputized by the city court and shall be executed, served, and returned by the chief, by any police officer of the city, or by the specially deputized person...."(emphasis added).[5]

**33–10.1–6–3 Bailiff of city courts**

"(a) The bailiff of the city court must be a police officer of the city assigned to the court by the chief of police, under direction of the board of public safety. However, the judge of the city court may appoint another person to serve as bailiff."

"(b) The bailiff of a city court of a second class city in a county having three (3) or more second class cities shall be appointed by the judge of the court. The bailiff shall serve and execute all processes issued by the court ..."

The Sheriff concedes that Wabash is a third class city, not a second class city. Therefore, IC 33–10.1–6–3(b) does not apply. However, the Sheriff argues that the more specific statute dealing with the service of process of the city court mandates the exclusive manner in which all process involved in this appeal is to be served and controls over the more general duty of a sheriff to serve all process directed to him from a court.

The City argues that the Sheriff's interpretation of these statutes would require the City to hire a super bailiff to effect

service on a state-wide basis, assuming that a city court in the State of Indiana has jurisdiction state-wide. The City contends that the cost incurred by sending a super bailiff all over the State would be prohibitive.

We do not agree with the Sheriff that the more specific language of IC 33–10.1–5–3 and 33–10.1–6–3 is controlling. The statutes were enacted in 1980. Later provisions involving the duties of the sheriff and the duties of municipal police officers—both enacted in 1981 by P.L. 309—limit the authority of the municipal police officers. The 1981 enactment reads as follows (pertinent parts):

**36–8–3–6 Police officers; powers and duties**

(a) This section applies to all municipalities.

(b) A warrant of search or arrest, issued by any judge, may be executed in the municipality by any municipal police officer, subject to the laws governing arrest and bail.

(c) The police officers of a municipality shall:

(1) serve all process *within* the municipality issuing from the city or town court;

(2) arrest, without process, all persons who within view violate statutes, take them before the court having jurisdiction of the offense, and retain them in custody until the cause of the arrest had been investigated;

(3) enforce municipal ordinances in accordance with IC 36–1–6;

(4) suppress all breaches of the peace within their knowledge and may call to their aid the power of the municipality and pursue and commit to jail persons guilty of crimes;

(5) serve all process issued by the legislative body of the municipality or any committee of it, or by any of the executive departments of the municipality;

---

sense); a power or privilege by 'may' (in a permissive sense)." *Id.* n. 9 at 1022

**5.** Even though this statute contains the term "shall," by reading this statute with later provisions and other statutes, we find it is directive.

(6) serve the city or town court and assist the bailiff in preserving order in the court; and

(7) convey prisoners to and from the county jail or station houses of the municipality for arraignment or trial in the city or town court or to the place of imprisonment under sentence of the court.

Acts 1981, P.L.309, Sec. 52.

**IC 36–8–10–9 Powers and duties of members of the (Sheriff's) department**

Sec. 9. (a) "Each member of the department:

\*       \*       \*       \*       \*       \*

(5) may execute all process directed to the sheriff by *legal authority;*

(8) shall serve all process directed to the sheriff from a *court* or from the county executive according to law;"

Acts 1981, P.L. 309, Sec. 61.

■ In interpreting the statutes dealing with the service of process and giving them effect, the statutes can be harmonized by construing IC 33–10.1–5–3, which directs all processes of a city court to the chief of police, with the words of limitation contained in IC 36–8–3–6, which limits the duty of the police to the serve process within the municipality. Thus, we find the later provisions relating to the duties of municipal police officers limits their service of city court process to within the municipality. Reading the statutes relating to the sheriff's duties and the duties of the municipal police together, it appears that the police officers of the municipality—or a specially appointed bailiff—are to serve all process *within* the municipal city limits and the sheriff is authorized to serve the process outside of the city limits.

Our court rules dealing with service of process also indicate that the sheriff is charged with the primary responsibility to serve summons issued from a court within his county. Ind. Trial Rule 4.12 provides as follows:

**TRIAL RULE 4.12  SUMMONS: SERVICE BY SHERIFF OR OTHER OFFICER**

\*       \*       \*       \*       \*       \*

**(B) Special Service by Police Officers.** A sheriff, his deputy, or any full-time state or municipal police officer may serve summons in any county of this state if he agrees or had agreed to make the service. When specially requested in the praecipe for summons, the complaint and summons shall be delivered to such officer by the clerk or the attorney for the person seeking service. *No agreement with the sheriff or his deputy for such service in the sheriff's own county shall be permitted.* In no event shall any expenses agreed upon under this provision be assessed or recovered as costs or affect court costs otherwise imposed for regular service. (emphasis added).

**(C) Service in Other Counties.** A summons may be served in any county in this state. If service is to be made in another county, the summons may be issued by the clerk for service therein to the sheriff of such county or to a person authorized to make service by these rules.

**(D) Service Outside the State.** Personal service, when permitted by these rules to be made outside the state, may be made there by any disinterested person or by the attorney representing the person seeking such service. The expenses of such person may be assessed as costs only if they are reasonable and if service by mail or other public means cannot be made or is not successful.

■ We note T.R. 4.12(B) permits a sheriff, municipal police officer or other specially or regularly appointed person, e.g. bailiff, to serve the summons if he agrees. However, the rule further provides—"No agreement with the sheriff or his deputy for such service in the sheriff's own county shall be permitted." This sentence might be ambiguous in the sense that it could be interpreted to mean that the sheriff can not agree to serve the process within his own county. We believe this interpretation would reach an absurd result. By interpreting this language in conjunction with IC 36–2–13–5, we are led to the conclusion that the sheriff is not permitted to agree to

serve summons within his own county because the duty is mandatory. This interpretation is "consistent with the traditional concept that the obligation for service of process within the county remains with the sheriff, or his deputy." Harvey, INDIANA PRACTICE—Trial Rules, Vol 1 (1987) (2nd ed.), Author's comments to Rule 4.12 at 283.[6]

Other statutes support the position that the legislature has set up a uniform system for service of process throughout the state—which includes city courts. For example, court fees—which include costs for service of process—apply to circuit courts, superior courts, county courts, probate courts, municipal courts, and city and town courts. IC 33–19–1–1.

The Sheriff argues that the result of the City's interpretation is to foist upon the Sheriff and the taxpayers of Wabash County the costs of service of process for the City. This court is cognizant that the service of summons and other court processes requires a sheriff's department to expend limited man hours and resources. However, the legislature has provided alternative means for service.

Court costs fees provide for service of process by certified mail unless service by sheriff is requested by the person who institutes the action. IC 33–19–3–5. The costs of personal service of process, carried out by a process server other than the sheriff, may be reimbursed as a part of any judgment that a party may recover. IC 33–19–3–6. If the person seeking service, or his attorney, does not designate the manner of service, the clerk shall cause service to be made by mail or other public means provided the mailing address of the person to be served is indicated in the summons or can be determined. T.R. 4(D).

However, if a mailing address is not furnished or cannot be determined or if service by mail or other public means is returned without acceptance, the complaint and summons shall promptly be delivered to the *sheriff* or his deputy who, unless otherwise directed, shall serve the summons. T.R. 4(D).

While it is apparent that the statutes and court rules above permit service by alternative means and by someone other than a sheriff, the statutes clearly indicate that the sheriff has a duty to serve the process directed to it from a court—which would include that process issued by a city court judge requiring service within the county, but outside of the city limits.

CONOVER and ROBERTSON, JJ., concurring.

---

**6.** The Author's comments to rule 4.12 further explain the role of the sheriff in the service of process is to be strictly construed:

**4.12.2  Service by Sheriff or Other Officer—In General**

Rule 4.12(A) is substantially the same as Federal Rule 4(a), with changes to allow for state practice. Both the Federal and Indiana provisions supply the authority to serve the process of the district courts as issued based upon Federal Rule 4(a) and Rule 4(B) of the Indiana Rules, with the Proof of Service, including the time for return, and amendment thereof, as set out in Rule 4.15.

This rule continues the traditional concept that an obligation for service of process within his county remains with the sheriff, or his deputy, thereof. Some states, such as New York, have departed from this concept and placed the obligation upon the plaintiff or his attorney. Although there is precedent that the sheriff may deputize a private citizen for the purpose of serving process (See Indiana Civil Code Study Commission's comment to this rule) the procedure was used infrequently. The new rule, however, specifically allows some person specially or regularly appointed by the court to serve process. The legislature deleted a provision from the original draft of this rule which stated that "special appointments to serve process shall be made freely when substantial savings in travel fees will result." *Thus it would appear that the legislative intent was for this provision to be strictly construed.* *Id.* at 283–284 (emphasis added).