STATE of Indiana ex rel. the IN-
DIANAPOLIS POLICE PEN-
SION FUND, Relator,

v.

The MARION SUPERIOR COURT, CIV-
IL DIVISION, ROOM VII and the Hon-
orable Gerald S. Zore, Respondents.

No. 49S00–9204–OR–281.

Supreme Court of Indiana.

June 10, 1992.

Richard L. Milan, Indianapolis Police Dept., Indianapolis, for relator.

Kay Beehler Ridgely, Indianapolis, for respondents.

GIVAN, Justice.

On March 24, 1992, this Court conducted a hearing in this matter and on April 15, 1992 denied the petition for a writ of prohibition against the respondents.

On April 20, 1992, the relator filed with the Clerk its petition for writ of prohibition pursuant to Ind. Original Action Rule 5(C). This opinion is issued to explain the Court's position in denying relator's petition.

Original actions are concerned solely with the question of jurisdiction of the State's trial courts. Orig.Act.R. 1(B). The Marion Superior Court, Civil Division, has broad jurisdiction including dissolution of marriages. Ind.Code § 33–5–35.1–4.

On September 30, 1991, the trial court, in conjunction with its decree of dissolution of the marriage of Sandra Bauer and Police Officer Robert E. Bauer, Jr., recognized Sandra as an alternate payee of the Police Pension Fund and required the fund to pay benefits directly to Sandra pursuant to the divorce decree. Robert had retired in February of 1986 from the Indianapolis Police Department and was receiving a pension from the Indianapolis Police Pension Fund at the time of the dissolution.

The relator cites the case of *Board of Trustees of PERF v. Grannan* (1991), Ind. App., 578 N.E.2d 371 to support their contention that the trial court had no jurisdiction to enter such an order in view of the prohibition against assignment of pension funds under Ind.Code §§ 5–10.3–8–9 and 10. We point out that *Grannan* was not an original action but was an appeal from a declaratory judgment suit brought to resolve that question.

The Court of Appeals in that opinion observed that the trial court did have a proper method of requiring transfer of the funds to the spouse of the pensioner but observed that the procedure followed there was not correct and the cause therefore was "reversed and remanded for modification of the trial court's QDRO [Qualified Domestic Relations Order] consistent with this opinion." The record in this case indicates that the respondent judge did not lack jurisdiction to enter the QDRO, and if such order is to be questioned, it should be questioned as erroneous rather than lacking jurisdiction. The proper remedy then is the filing of a declaratory-judgment action in the respondent court setting forth the matters which they attempt to present to us in an original action. An appeal, of

course, would lie from the trial court's ruling on the declaratory-judgment action.

Relator's petition for writ of prohibition is denied.

SHEPARD, C.J. and DICKSON, J., concur.

DeBRULER, J., dissents with separate opinion in which KRAHULIK, J., concurs.

DeBRULER, Justice, dissenting.

Orders to split modest public pension benefits into parts and to pay the parts out separately and directly will impose a costly administrative burden and a new potential for liability upon the Fund. One of the several purposes of the statutory proviso exempting these public pension benefits from being taken in this manner by any court process and prohibiting their alienation by the pensioner by contract is to keep the Fund free from such burdens and their attendant costs. Ind.Code. § 36–8–8–17. *Cf. Brosamer v. Mark* (1990), Ind., 561 N.E.2d 767.

There is no dispute over the fact that retired officer Bauer was receiving benefits subject to these restrictions and that the challenged order constitutes a "process" by which those benefits are to be "taken." In light of the intent of the statutory exemption and the clarity of this record, the Respondent Court was powerless to make the challenged order. It involved no exercise of judicial discretion. This is an appropriate situation in which to declare that the Respondent Court lacked jurisdiction. *State ex rel. Burns v. Sharp* (1979), 271 Ind. 344, 393 N.E.2d 127. *State ex rel. Nineteenth Hole, Inc. v. Marion Superior Court* (1963), 243 Ind. 604, 189 N.E.2d 421.

KRAHULIK, J., concurs.