# SMITH *v.* GEORGE.

[No. 22,384.   Filed January 15, 1914.]

1. INTOXICATING LIQUORS.—*License Fee.—Ordinances.*—A city ordinance providing that any person, firm or corporation licensed by the board of commissioners of the county to sell intoxicating liquors within the city, or within two miles of its corporate limits, may obtain a license from the city upon producing his license from the board of commissioners and paying the sum of $500, and providing that the city clerk shall issue such license, the

manner of paying the fee, and fixing a date for the expiration of all licenses, is not open to the objection that it is not a sufficient expression of the council to constitute a fixing of the license fee, since it clearly indicates an intention to fix the fee at $500. p. 121.

2. INTOXICATING LIQUORS.—*License Fee.*—*Establishment by Ordinance.*—*Statutory Authority.*—The fact that a city ordinance fixing the fee for a license to sell intoxicating liquors at five hundred dollars, was enacted at a special session of the council called for that purpose and held on the fifth day after the Proctor Law (Acts 1911 p. 244) authorizing such action, went into effect, and that such law was the only existing statutory authority for fixing the fee at $500, sufficiently shows an intention on the part of the city council to fix the license fee pursuant to the Proctor Law. p. 122.

3. MUNICIPAL CORPORATIONS.— *Ordinances.*— *Partial Invalidity.*— Where one section of a legislative act, or city ordinance can be separated from other sections and upheld as valid, it is the duty of the court to do so, hence a city ordinance, in which one section fixes the license fee for selling intoxicating liquors and another section fixes a penalty for violation, is not invalid in so far as it fixes the fee, on the ground that it purports to take effect immediately and that penal ordinances cannot become effective until proper publication is had, since the section fixing the fee does not refer to any penalty and is in no way connected with the penalty clause of the ordinance, and it is only penal ordinances that require publication. p. 122.

4. INTOXICATING LIQUORS.—*License Fee.*—*Ordinances.*—*Penalties.* —It is not essential that a city ordinance fixing the fee for a license to sell intoxicating liquors shall also carry a penalty clause, since §8337 Burns 1908, Acts 1907 p. 27, provides a penalty for selling intoxicating liquors without being licensed according to law. p. 122.

From Lake Superior Court; *Lawrence Becker,* Judge.

Action by Jesse S. Smith against Theodore George. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*John M. Fox* and *Lincoln V. Cravens,* for appellant.

*Harris & Ressler, John H. Gillett, Louis B. Ewbank, John W. Hanan* and *J. Frank Hanan,* for appellee.

ERWIN, J.—The appellant brought this action against appellee to revoke a license to sell intoxicating liquors, issued to appellee by the city of Gary, because of failure of appellee to comply with an ordinance of said city, fixing the license

fee at $500.  The appellee filed five paragraphs of answer, but afterwards withdrew the first.  The appellant demurred to the remaining paragraphs of answer, which demurrer was overruled.  The only question presented for review is the ruling of the court on the demurrer to the answers of appellee, which answers challenge the validity of the ordinance of said city fixing the license fee at the sum of $500.

The act of the General Assembly for the year 1911 (Acts 1911 p. 244, §23), known as the Proctor Law, fixes the fee for city license at the sum of $200 for the class of cities to which Gary belongs, but provides that a city, by its common council might increase the fee to $500, if done within thirty days from the time of the taking effect of the act.  The act took effect March 4, 1911.  The city of Gary, on March 20, 1911, passed an ordinance fixing the license fee at $500, which, in addition to fixing the license fee in the first section thereof, included six other sections providing for the regulation of the sale of intoxicating liquors in said city, repealing all ordinances in conflict therewith, etc.  Section 7 is as follows:  "This ordinance shall be published once each week for two consecutive weeks in a newspaper of general circulation printed and published in the city of Gary, and shall be in full force and effect from and after its passage and publication as herein provided."

It is contended by appellee that the first section of said ordinance is not a sufficient expression of the council to constitute a fixing of the fee at $500 and that it does not in fact fix the fee at $500.  So much of the first section of the ordinance in which the amount of the fee is fixed, reads as follows:  "Any person, persons, firm or corporation licensed by the Board of Commissioners of Lake County, Indiana, to sell intoxicating liquors within the city of Gary, or within two (2) miles of the corporate limits thereof, may obtain a license from said city upon producing to the city clerk his license from the board of commissioners and paying to the city treasurer the sum of five hundred

($500.00) dollars." Then follows the statement that the clerk shall issue a license, and it is provided further that the fee may be paid in two equal installments in May and November and that all licenses should expire on the first Monday of May of each year. The above section clearly indicates an intention on the part of the city to fix the fee at $500.

It is contended further by appellee, that it is apparent from the ordinance that the council did not intend to fix the fee, under the Proctor Law, but under some other statute. We are inclined to think that the city council had in view the Proctor Law, when they fixed the fee, for the reason, that under no law prior to the passage of the Proctor law, did the city have the right to exact more than $250 as a license fee for the sale of liquor, in said city. Then further considering the date the Proctor Law went into effect, and the action of the city council, in making an effort, by the calling of a special session of the council, in which call it was stated, "and also for the purpose of attending to an ordinance to regulate retail liquor dealers in the city of Gary for the year 1911." Such special session was called and had on March 9, 1911, just five days after the taking effect of the law authorizing cities to increase the license fee to $500. It is therefore apparent that the city had no other object than to increase the fee, under the authority given it by the Proctor law. There is some contention that the ordinance was introduced at a special session, and that it was not regularly passed, but we think the proceedings of the council were regular.

It is contended by appellee, and his answer so alleges that this ordinance being a penal one, publication should be had thereof before the same could take effect and be enforcible. In the ordinance in question, §1 fixes the fee; §4 fixes the penalty, neither of which is dependent upon the other for its validity. It is an universal rule of construction that if one section of a legislative

act or city ordinance, can be separated from the other sections or parts, and upheld as valid, it is the duty of the court to do so. *City of Indianapolis* v. *Beiler* (1893), 138 Ind. 30, 36 N. E. 857; *State, ex rel.* v. *Blend* (1889), 121 Ind. 514, 23 N. E. 511, 16 Am. St. 411; *Clark* v. *Ellis* (1826), 2 Blackf. 8; 11 Am. and Eng. Ency. Law 610. Section 1 of this ordinance fixes the license fee at $500 for said city, without referring to any penalty, and is in no way connected with the penalty clause of said ordinance, and is a valid enactment without a penalty clause. The statute of Indiana provides for a penalty for the sale of intoxicating liquors without being licensed according to law. §8337 Burns 1908, Acts 1907 p. 27. Section 1 of the ordinance is valid and operative without the same having been published, as only penal ordinances require publication.

The court erred in overruling the several demurrers to the answers of the appellee. The judgment in this cause is reversed with instructions to the court below to sustain the demurrer to each paragraph of answer.

NOTE.—Reported in 103 N. E. 949. See, also, under (1) 25 Cyc. 605; (3) 28 Cyc. 372.