## DENNY *v.* CITY OF MUNCIE ET AL.

[No. 24,907. Filed November 24, 1925.]

1. MUNICIPAL CORPORATIONS.—*Powers of municipal corporations stated.*—Municipal corporations possess such powers as are expressly granted by the legislature, or necessarily implied or incidental thereto, and those indispensable to the declared objects and purposes of the corporation and to the continued corporate existence. p. 33.

2. MUNICIPAL CORPORATIONS.—*City, has exclusive power to control its streets and to prevent obstruction or incumbrance thereof so as to impede the free use of same for proper purposes.*—Every city has exclusive power, by ordinance, to control and care for its streets, and to prevent the obstruction or incumbrance of any, of its streets so as to impede the free use of the same for its proper purposes. p. 33.

3. CARRIERS.—*"Jitney busses" are common carriers.*—"Jitney busses" are common carriers.    p. 34.

4. MUNICIPAL CORPORATIONS.—*Public streets are for the use of the public in the general and ordinary way, and the use of streets to carry on business is a privilege and not a right.*— Public streets are for the use of the public in the general ordinary way, but the use of the streets to carry on a private business is a privilege and not a natural right.    p. 35.

5. MUNICIPAL CORPORATIONS.—*Operation of "jitney busses" on public streets may be permitted by city on its own terms or entirely prohibited.*—The operation of "jitney busses" on the public streets as a private business, being a matter of privilege and not of right, may be permitted by the city upon such terms as it may prescribe, or it may be entirely prohibited. p. 36.

6. MUNICIPAL CORPORATIONS.—*City held to have power to prohibit "jitney busses" from operating on streets used by street cars.*—Under the power granted to cities by the legislature to control and regulate the streets (§§11188, 10284 Burns 1926, §§8964, 8655 Burns 1914, subds. 31 and 38) and to license and regulate public hackmen, draymen and other persons pursuing like occupations for hire, a city is empowered to prohibit the operation of "jitney busses" on that part of streets on which there is located a street car track over which cars are regularly operated.    p. 36.

7. MUNICIPAL CORPORATIONS.—*Power to regulate "jitney busses" not restricted to improved streets.*—Subdivision 31 of §10284 Burns 1926, §8655 Burns 1914, expressly authorizes cities to designate the kinds of vehicles that may be used on "improved" streets, but the power to regulate the use of the streets by "jitney busses" is not restricted to streets which have been improved.    p. 36.

8. CONSTITUTIONAL LAW.—*Ordinance forbidding use of "jitney busses" on certain streets not void as taking property without compensation.*—A municipal ordinance forbidding the operation of a "jitney bus" over any part of any street upon which there is located a street railway track over which street cars are regularly operated does not conflict with Art. 1, §21 of the Constitution of Indiana which provides that no man's property shall be taken without just compensation, since no one has any property right in the operation of a "jitney bus" over city streets.    p. 36.

9. CONSTITUTIONAL LAW.—*"Jitney busses" operating over specific routes form a distinct class for purposes of legislation.*— For purposes of legislation, "jitney busses" operating over specific routes properly form a class distinct from taxicabs

and other cars operating without definite routes, and, therefore, an ordinance regulating such business is not in conflict with the constitution. p. 36.

10. CONSTITUTIONAL LAW.—*Previous operation of "jitney bus" over certain streets would not prevent the enactment of ordinance excluding "jitney busses" from such streets.*—The fact that one had been operating a "jitney bus" over certain streets of a city would not prevent the city from enacting a valid ordinance which would have the effect of excluding him from such streets nor exempt him from compliance with the ordinance. p. 36.

11. CONSTITUTIONAL LAW.—*Equal protection clause of Fourteenth Amendment does not take from states the right to classify subjects of legislation, and classification must be arbitrary and unreasonable to be invalid.*—The equal protection clause of the Fourteenth Amendment to federal Constitution does not take from the states the 'right to classify subjects of legislation, and classification, to be unconstitutional, must be clearly arbitrary and unreasonable, not merely possibly so. p. 36.

12. CONSTITUTIONAL LAW.—*That effect of ordinance regulating "jitney busses" would benefit street railway company held not to invalidate such regulation.*—That the effect of an ordinance regulating the operation of "jitney busses" and excluding them from streets occupied by street railway tracks over which cars are regularly operated would be to benefit the street railway company would not prevent the enactment of a valid ordinance regulating their operation in the manner stated. p. 36.

13. CONSTITUTIONAL LAW.—*Ordinance regulating operation of "jitney busses" held fair and reasonable and not arbitrary, or unjustly discriminatory so as to be in conflict with state or federal Constitution.*—An ordinance prohibiting operation of "jitney busses" on a street or part of a street on which are located street railway tracks over which cars are regularly operated *held* fair and reasonable and not arbitrary or unjustly discriminatory so as to contravene §§21 and 23 of Art. 1 of the state Constitution or the Fourteenth Amendment to the federal Constitution. p. 36.

14. MUNICIPAL CORPORATIONS.—*Dedication of streets to public use would not invalidate an ordinance regulating "jitney busses" and excluding them from specific streets.*—Streets are not dedicated to the public to be used for a private business for gain or profit, to the detriment of the general public, and the fact that they are dedicated to the public would not invalidate an ordinance regulating the operation of "jitney busses" and excluding them from specific streets. p. 39.

Denny v. City of Muncie—197 Ind. 28.

15. APPEAL.—*Assignments of error not supported by argument or authorities will be deemed waived.*—Assignments of error which are not supported by argument or the citation of authorities will be considered as waived. p. 39.

From Blackford Circuit Court; *Victor H. Simmons,* Judge.

Suit by Sumner B. Denny against the city of Muncie and others for injunction. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*George H. Koons* and *Walterhouse & Miller,* for appellant.

*Arthur D. McKinley,* for appellees.

*J. A. VanOsdol, C. K. Bagot, D. E. Watson* and *M. E. Foley,* Amici Curiae.

GEMMILL, J.—The common council of the city of Muncie, on December 5, 1921, adopted an ordinance, entitled, "An ordinance to regulate and license jitney busses, to provide for the revocation of licenses, and to provide penalties." This suit was brought by the appellant, a jitney bus operator, against the city of Muncie, its city attorney and chief of police, to enjoin them from attempting to enforce and from enforcing section 9 and subdivision 7 of section 3 of said ordinance. Said subdivision of section 3 is only incidental to section 9. The complaint alleged that the above mentioned sections were void and unconstitutional. The court adjudged that the ordinance, including section 9, was valid.

Appellant's assignment of errors is as follows: That the court erred in each of its conclusions of law numbered 1, 2, 3, 4 and 5 upon its special finding of facts. That the court erred in overruling appellant's motion for a new trial. And the court erred in overruling appellant's verified motion for a continuance of the temporary injunction pending appeal.

Said section 9 of the ordinance is as follows: "No

person, firm or corporation shall drive, run or operate any Jitney Bus upon or along any part of any street, avenue or other highway in the city of Muncie upon which there is located a street railway track or tracks upon or over which street cars are regularly operated, and no license shall be issued permitting the driving, running or operating of any Jitney Bus upon or along such part of any street, avenue or other highway; provided, that nothing herein contained shall be construed as prohibiting any jitney bus from crossing any such street, avenue or highway."

Subdivision 7 of section 3 which provides what should be shown in an application for jitney license makes it necessary to show the following: "A description of the route or routes in said city to be traversed by said jitney bus, which route or routes shall not be in conflict with Section 9 of this ordinance."

The ordinance, by its other sections, fully regulates the operation of jitney busses on the streets of the city. No objections are raised to the other parts of the ordinance.

In Section 2 of the ordinance, a jitney bus is thus defined: "For the purpose of this ordinance, the term 'jitney bus' shall be taken to mean any self-propelled vehicle, other than a street car, interurban car, railroad car or railroad locomotive, traversing a public street, avenue or other highway between definite or substantially fixed points or terminals, or along a definite or substantially fixed route or routes, and carrying passengers for hire, or furnishing passenger transportation for hire, along or over public streets, avenues or other highways from, to or between definite or substantially fixed locations or districts. Provided, however, such term shall not be taken to mean any such vehicle known as 'taxicab,' operated only upon call under a special contract for hire, rented from a public or private ga-

Denny v. City of Muncie—197 Ind. 28.

rage, and the destination or route of which is under the direction of a passenger transported therein or to any such vehicle operated by a hotel company or hotel owner in the conveyance of guests between such hotel and a railroad or interurban station."

It is contended by appellant that section 9 and subdivision 7 of section 3 of the ordinance are void for the reason that the city did not have power to enact them. 1, 2. Municipal corporations possess such powers as are expressly granted by the legislature, or necessarily implied or incidental thereto, and those indispensable to the declared objects and purposes of incorporation and to the continued corporate existence. *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1896), 146 Ind. 421, 45 N. E. 587, 35 L. R. A. 684; *Scott* v. *City of LaPorte* (1903), 162 Ind. 34, 68 N. E. 278, 69 N. E. 675; *City of Elkhart* v. *Lipschitz* (1905), 164 Ind. 671, 74 N. E. 528; *Central Union Tel. Co.* v. *Indianapolis Tel. Co.* (1920), 189 Ind. 210, 126 N. E. 628. The general assembly has granted certain powers to cities in regard to the control of streets and to the regulation of motor vehicle traffic. Every city has exclusive power, by ordinance, to control and care for its streets, and to prevent the obstruction or incumbrance of any of the streets, so as to impede the free use of same for its proper purposes. §11188 Burns 1926, §8964 Burns 1914. And the common council of every city has power to enact ordinances to prevent immoderate and careless riding or driving, to regulate the use of streets by vehicles, to designate the kind of conveyance and vehicle that may not be used on certain named streets that have been improved, to designate hours for the use of such streets by certain specified classes of vehicles, to prevent the encumbering of streets by vehicles and other things which interfere with the free use of the streets,

to compel the removal of any such obstructions, to license, tax and regulate public hackmen, draymen, omnibus drivers, carters, cabmen, porters, expressmen, and all other persons pursuing like occupations for pay or hire, to prescribe their compensation, and to revoke any license for violation of such ordinance. §10284 Burns 1926, §8655 Burns 1914, subdivisions 31 and 38. Also, the common council has power to carry out the objects of the corporation not particularly specified by statute. §10284 Burns 1926, §8655 Burns 1914, subdivision 53. In the general motor vehicle law, §10476d Burns 1914, it is provided that nothing therein contained shall be construed as affecting the power of municipal corporations to make and enforce ordinances, rules and regulations affecting motor trucks and motor driven commercial vehicles which are used within their limits for public hire, or from making and enforcing reasonable traffic and other regulations except as to rate of speed not inconsistent with the provisions of the act.

It cannot be controverted that jitney busses are common carriers. And municipal ordinances regulating the "jitney" traffic as a class apart from other common carriers have been enacted in many of the principal cities of many states. In the absence of express statutory authority in the matter of municipal regulation of "jitneys," municipal ordinances in regard to same have generally been upheld when based on general statutes vesting in cities the right to control and regulate the use of their streets. Pond, Public Utilities (3d ed.) §766. In *Frick* v. *City of Gary* (1922), 192 Ind. 76, 135 N. E. 346, it was held that a municipal corporation of this state has the power to enact an ordinance forbidding vehicles carrying passengers for hire, and excepting therefrom street cars and taxicabs, from stopping on designated streets to receive or discharge passengers, such ordinance being

a regulation of streets. In *Peters* v. *City of San Antonio* (1917), 195 S. W. (Tex. Civ. App.) 989, it was decided that a city given absolute control over its streets by the legislature has power to prohibit the use of jitneys on any street or confine their use to certain streets. In *Ex parte Dickey* (1915), 76 W. Va. 576, 85 S. E. 781, L. R. A. 1915F 840, the court, in passing on the validity of a city ordinance regarding jitney busses, said the power or right to use a highway for private gain may be wholly denied. In *Desser* v. *City of Wichita* (1915), 96 Kans. 820, 153 Pac. 1194, the court held that a city ordinance in regard to jitneys and other motor vehicles, which provided that those operating any self-propelled vehicle carrying passengers for hire to pay additional licenses of $300 to $400 before being permitted to solicit or receive passengers on the paved portions of certain designated streets, which were used by trolley cars, although practically prohibitive as to such designated places, was a valid exercise of municipal control. And in *Waid* v. *City of Fort Worth* (1923), 258 S. W. (Tex. Civ. App.) 1114, an ordinance prohibiting operation of motor busses on or across certain streets was upheld.

The appellant claims that the use of the streets of a city is a right and not a privilege, and because of that right he cannot be prevented from operating his 4. jitney bus on the streets of Muncie as provided in said section 9. The public streets are for the use of the public and may be used for general, ordinary use. But the use of a street to carry on a private business is a mere privilege and not a natural right. *Frick* v. *City of Gary, supra; Greene* v. *City of San Antonio* (1915), 178 S. W. (Tex. Civ. App.) 6; *Peters* v. *City of San Antonio, supra; Ex parte Dickey, supra; Desser* v. *City of Wichita, supra; Hadfield* v. *Lundin* (1917), 98 Wash. 657, 168 Pac. 516, L. R. A. 1918B 909, Ann.

Cas. 1918C 942; *Huston* v. *City of Des Moines* (1916), 176 Iowa 455, 156 N. W. 883; *Decker* v. *City of Wichita* (1921), 109 Kans. 796, 202 Pac. 89; *Schoenfeld* v. *City of Seattle* (1920), 265 Fed. 726; *Schultz* v. *City of Duluth* (1925), 203 N. W. (Minn.) 449.

The operation of "jitney busses" on the public streets as a private business, being a matter of privilege and not of right, can be permitted by the city upon such terms as it may prescribe or may be prohibited. Pond, Public Utilities (3d ed.) §753; Huddy, Automobiles (7th ed.) §§165, 166; *Schoenfeld* v. *City of Seattle, supra; Peters* v. *City of San Antonio, supra; Hadfield* v. *Lundin, supra.* In 32 A. L. R. 752, it is said: "Under the well-settled rule that a municipality, having the power to regulate the use of its streets, may pass any reasonable ordinance within its delegated powers governing automobile traffic on the streets, it has been generally held that a municipality has the right to pass an ordinance prohibiting or limiting the use of certain streets by motor vehicles operated for hire." We hold that the city of Muncie, under the exclusive power granted to cities by the legislature to control and care for their streets, and under the general power granted them to regulate traffic, had the right to enact the parts of the ordinance to which objection has been made. Its power of such control was not restricted to streets which had been improved. And the section of the general automobile law, heretofore mentioned, did not prevent such legislation.

Appellant says that said section 9 is in violation of Art. 1, §21 of the Constitution of Indiana which provides that no man's property shall be taken by law without just compensation; of Art. 1, §23 of said Constitution which provides that the general assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the

same terms shall not equally belong to all citizens; and of the Fourteenth Amendment to the Constitution of the United States. In *Frick* v. *City of Gary, supra,* this court held that the ordinance there in question was not contrary to the parts of the state Constitution above named. As the appellant did not have any natural right to carry on his business on the streets, no property has been taken from him by the ordinance without just compensation. Appellant says that there is an unjust discrimination made by the ordinance between routed "jitneys" on the one hand and roving "jitneys," interurban "jitneys," taxicabs and other carriers of passengers on the other. "Jitneys" operating over particular routes properly form a class distinct from taxicabs and other service cars operating without any definite routes, for the purpose of legislation. Berry, The Law of Automobiles (4th ed.) §1675; *Allen* v. *City of Bellingham* (1917), 95 Wash. 12, 163 Pac. 18; *Ex parte Parr* (1918), 82 Tex. Crim. Rep. 525, 200 S. W. 404. In Berry, The Law of Automobiles (4th ed.) §1675, it is stated: "An ordinance licensing and regulating jitney busses is not void because railroad cars, street cars, and automobiles used exclusively as sight-seeing cars, hotel busses, and taxicabs are exempted from its operation." By special finding of facts No. 21, the court found that the traffic along appellant's proposed route, occupied by the street car lines, at the time of the passage of the ordinance and ever since has been heavy and congested in the business district, and that there was and is not room on some of said streets for plaintiff's "jitney bus," described in his application for a license, to pass between street cars on said tracks and automobiles parked along the curb of said streets. In the use of streets, routed "jitneys," as appellant designates them, are quite different from other service cars. Under the conditions found by the court, it is probable that roving "jitneys,"

taxicabs and other like carriers, would not travel exclusively upon such streets, but would avoid same. Special finding of facts No. 22 is as follows: "That a part of the City of Muncie, Indiana, through which a part of plaintiff's proposed route runs is not served by the Union Traction Company of Indiana, or by any other street car line or lines but that there are various routes over which the plaintiff could operate his jitney bus, and by which plaintiff could serve said territory, without any part of said route traversing streets occupied by street car tracks over which street cars are regularly operated." The fact that appellant was operating a jitney bus on the streets of Muncie at the time the ordinance was adopted does not prevent the city from enacting it, nor does that fact exempt appellant from complying with its provisions. The equal protection clause of the Fourteenth Amendment does not take from the state the right to classify subjects of legislation, and it is only when the classification is arbitrary and unreasonable that the court can declare it beyond legislative authority; and a classification, to be obnoxious, must be clearly and actually arbitrary and unreasonable, and not merely possibly so. *Nolen* v. *Riechman* (1915), 225 Fed. 812, 821, and cases cited. Appellant's claim that the sole purpose of the ordinance was to prohibit competition with the Union Traction Company is not sustained by any statement in the court's special finding of facts or by any inference which can be drawn from a careful study of the ordinance. That the effect of the ordinance, if enforced, would involve a benefit to the street railway company is no reason why the city may not prescribe such regulation. *Desser* v. *City of Wichita, supra; Huston* v. *City of Des Moines, supra.* The ordinance does not prohibit the operation of a "jitney bus" over the part of a street, avenue or highway in the city where there is no street railway

track or tracks, even if there is a car track or tracks upon and over which street cars are regularly operated on another part of the same street; and it does not prevent a "jitney bus" from running and driving upon or along a street, avenue or highway where there is a street railway track or tracks when the "jitney," at the time, is not being operated over a definite or substantially fixed route for the purpose of hire. We believe that the classification made by the ordinance is for the benefit of the public safety, public convenience and general welfare, and that same is fair and reasonable and is not arbitrary or unjustly discriminating. The sections of the ordinance objected to do not contravene said sections of the state Constitution or said amendment to the federal Constitution.

There is no merit in the contention that the streets are dedicated to the public, and for that reason the said sections of the ordinance are void. They are not 14. dedicated to be used for a private business for gain or profit, to the detriment of the general public.

The court did not err in stating any of the five conclusions of law upon its special finding of facts. The sixth and seventh assignments of error are not 15. supported by argument or the citations of authorities, and same will be considered as waived. The cross-errors assigned by appellees are well taken. The three demurrers to the complaint, overruled by a special judge when the cause was pending in the Delaware Circuit Court, should have been sustained. However, the correct result was reached in the trial of the cause.

The judgment is affirmed.