**Tracy HOBBLE, By and Through her next friend, Michael C. HOBBLE, Appellant (Plaintiff Below),**

v.

**David BASHAM and Delight Wholesale Company, Inc., a/k/a Circus Delight Ice Cream Co., Appellee (Defendants Below).**

No. 22A04–9006–CV–290.

Court of Appeals of Indiana, Fourth District.

Aug. 5, 1991.

Richard L. Mattox, Richard A. Bierly, Wyatt, Tarrant, Combs & Orbison, New Albany, for appellant.

Irvin H. Sonne, III, Tackett, Taurman & Sonne, P.C., New Albany, for appellee.

MILLER, Judge.

Two year-old Tracy Hobble was struck by an automobile as she crossed a New Albany street to get to an ice cream truck. Her parents sued Margaret Jantzen, the driver of the car, and David Basham and Delight Wholesale Company, Inc. (collectively Delight), the operator and the owner of the truck, for negligence. The complaint alleged that the truck was operating in violation of a New Albany ordinance which required ice cream trucks which stop and vend on city streets to display special alternating flashing red lights to warn drivers of a hazard requiring unusual care in approaching and passing. Delight filed a motion denominated as a "Motion for Preliminary Determination" challenging the validity of two sections of the Ordinance on the basis that they 1) conflicted with state statutes regulating vehicles and 2) imposed unconstitutional restrictions on commerce. The trial court treated the motion as if it were a partial summary judgment motion, receiving in evidence the Ordinance and the parties' stipulation that it was in effect the day of the accident and hearing argument on the issue. In essence, the motion alleged that—with respect to the Ordinance—there were no disputed facts and

the court could determine as a matter of law whether certain sections of the Ordinance were valid. The trial court found that the entire Ordinance was invalid because it conflicted with state statutes governing emergency vehicles, but did not address the constitutionality of the Ordinance.

Tracy requested the trial court to certify this issue for interlocutory appeal and this court accepted jurisdiction. She claims that there is no conflict with Indiana statutes because the Ordinance requires equipment *in addition to* that required by statute, and, even if certain sections might be invalid, the trial court erred as a matter of law in declaring the Ordinance invalid in its entirety.

We reverse in part and affirm in part. We agree that the Ordinance conflicts with Indiana statutes insofar as it requires an ice cream truck to display alternating red flashing lights visible to the *front* of the vehicle when vending; however, the Ordinance contains other provisions—including other safety equipment, insurance, and the requirement of a second person on the truck, acting as a lookout—which are regulations aimed at protecting children who might be enticed into the street by ice cream venders. These other provisions were not shown to be invalid or unconstitutional and are severable from the remainder of the Ordinance.

## DISCUSSION AND DECISION

Tracy's complaint alleged that on April 18, 1987, she was crossing West Seventh Street in New Albany, Indiana, to get to an ice cream truck when she was struck by the automobile driven by Jantzen. Tracy suffered severe injuries to her skull, pelvis, arm, and other parts of her body, causing permanent damage and incurred medical expenses exceeding $13,000 with further medical expenses to come. She alleged Delight negligently operated the ice cream truck in such a manner as to divert the attention of driver Jantzen and to entice children into the street. Additionally, she claimed Delight was in violation of New Albany Ordinance G–79–752 (passed July 2, 1979) regulating the operation of ice cream trucks and that such violation was the direct and proximate cause of her injuries and constituted negligence *per se.*

Tracy charged that Delight was in violation of the ordinance because 1) it was not equipped with the signal lights and signal arm as required by § 116.13(A) and (B); 2) it operated the truck without displaying the signal arms and lights as required by § 116.14(A); 3) it had not received approval of its proposed traffic route as specified in § 116.16(E); and it operated the truck without a second person as a guard and lookout as specified in § 116.16(F). Tracy also charged that Jantzen, among other things, acted in violation of the ordinance because she failed to stop upon meeting an ice cream truck as required by § 116.11(A).

On April 26, 1990, Delight filed its motion challenging the validity of Sections 116.13 and 116.16 of the Ordinance, alleging that the Ordinance was invalid on its face as conflicting with Indiana statutes and imposed unconstitutional restrictions on commerce. After a hearing on May 22, 1990, the court granted Delight's Motion and found "the New Albany City Ordinance referred to as Section 116.10 through Section 116.17 entitled Ice Cream Trucks is invalid as it conflicts with State statutes governing emergency vehicles." (R. 95).

The specific provisions challenged by Delight included § 116.13 and § 116.16; [1] however, the only provision which has specifically been addressed in this appeal is § 116.13, which reads:

---

1. The provisions of § 116.16 establish the manner in which vending is permitted. It provides that 1) vending must be done when the truck is lawfully stopped and only from the side of the truck away from moving traffic and as near as possible to the curb or side of the street; 2) a person shall not vend to a person standing in the roadway; 4) the operator of the truck must submit a list of routes to be travelled and the traffic engineer for the city must approve or disapprove such routes; 5) at all times while vending, a second person, who has received special training in traffic safety, must be in the truck to act as a lookout to assist the driver and to assist customers with their safety. Although Delight challenged these provisions in its Motion, there is no argument directed toward this provision in the Appellee's Brief.

§ 116.13 EQUIPMENT REQUIRED.

In addition to other equipment required by law, every ice cream truck shall be equipped with:

(A) Signal lamps mounted at the same level and as high and as widely spaced laterally as practicable. These lamps shall be five to seven inches in diameter and shall display two alternately flashing red lights on the front of the vehicle and two alternately flashing red lights on the rear of the vehicle, both lights visible at 500 feet in normal sunlight on a straight level street.

(B) A stop signal arm that can be extended horizontally from the left side of the truck duplicating the design and size of a standard 30–inch octagonal stop sign as set forth in the State Manual of Uniform Control Devices. This arm shall be red and white in color and contain two alternately flashing lights 3 to 5 inches in diameter at the top and bottom thereof, visible at 300 feet to the front and rear in normal sunlight on a straight level street. The color of the two lights facing to the front shall be red and the two lights facing to the rear shall be red. The bottom of the signal arm shall be 42 inches above the highway.

(C) A convex mirror mounted on the front so the driver in his normal seating position can see the area in front of the truck obscured by the hood.

The Ordinance contains other provisions requiring additional safety equipment and regulating the manner in which vending is permitted, including the following: 1) a definition section; 2) a provision requiring a driver meeting or overtaking an ice cream truck to stop when the flashing signal lights and stop arm are in use; 3) public liability insurance requirements; 4) a provision requiring the signal arm and lights to be used only when the truck is vending and not when the truck is in motion or stopped for any other purpose; 5) a provision for inspection to determine whether it is in compliance with the ordinance and other state and local laws; 6) provisions regulating the manner in which vending is permitted on city streets; and 7) a prohibition against backing the truck to make or attempt a sale.

Tracy contends that the Ordinance is entitled to a presumption of validity and the trial court did not accord the Ordinance this presumption, nor was the presumption overcome by Delight's presentation in support of its Motion for Preliminary Determination. She further argues that the Ordinance is consistent with IC 9–4–1–27, which authorizes local authorities to adopt traffic regulations in addition to those of the Code so long as they do not *conflict* with the Code. She argues the Ordinance does not conflict but *supplements* state enacted traffic regulations because it prescribes lights and equipment to be used when an ice cream truck is stopped and in the process of vending in the city streets *in addition* to that required by the Code. Finally, she argues that even if parts of the Ordinance might conflict with the Code, such sections are severable, and only those sections, if any, should have been declared invalid.

Delight contends the Ordinance is not entitled to a presumption of continuing validity, and that the Ordinance conflicts with the Code in that it requires equipment and lights which are reserved for emergency-type vehicles, and certain other sections of the Ordinance violate the Commerce Clause. It argues that the sections of the Ordinance that were invalid were so significant that declaring some portions valid and some not would have aggravated the enforcement of the Ordinance.

*I. Does Ordinance conflict with the Code?*

█ Because there are no disputed facts and the question presented it a pure question of law, we review the matter *de novo. City of Wabash v. Wabash County Sheriff's Department* (1990), Ind.App., 562 N.E.2d 1299. Governmental actions, including ordinances, taken under the grant of police power, must be in reasonable furtherance of the goals of the health, order, morals, or safety of society at large. *Day v. Ryan* (1990), Ind.App., 560 N.E.2d 77; *City of Muncie v. Pizza Hut of Muncie,*

*Inc.* (1976), 171 Ind.App. 397, 357 N.E.2d 735. Like statutes, ordinances are presumptively valid and the party challenging an ordinance bears the burden of proving invalidity. *Id.; City of Indianapolis v. Clint's Wrecker Service, Inc.* (1982), Ind. App., 440 N.E.2d 737. In construing the statute or ordinance, all doubts are to be resolved against the challenger and, if possible, the ordinance is to be construed as valid. *Id.* An impermissible conflict with state law will be found if the Ordinance seeks to prohibit that which a statute expressly permits. *Id.* If the state has not chosen to occupy an area to the exclusion of municipal regulation, a City may impose *additional, reasonable regulations,* and may supplement burdens imposed by non-penal state law, *provided the additional burdens are logically consistent with the statutory purpose. Id.*

The Indiana Uniform Act Regulating Traffic on Highways, IC 9–4–1–1 *et seq.* (the Code), is designed to enact uniform traffic laws throughout the State. However, the legislature intended that local authorities should be free to adopt additional ordinances pertaining to traffic regulations in their local jurisdictions. IC 9–4–1–27(a) provides in pertinent part (emphasis added):

"The provisions of this chapter shall be applicable and uniform throughout this State. *Local authorities may, however, adopt by ordinance additional traffic regulations with respect to streets and highways under their jurisdiction, so long as they do not conflict with or duplicate the provisions of a statute.*"

(West Supp.1990; as amended by Acts 1980, P.L. 211, Sec. 7). Additionally, IC 9–4–1–28 provides (pertinent part):

"(a) The provisions of this chapter shall not be deemed to prevent local authorities, with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from ... (1) Regulating the standing or parking of vehicles...."

**2.** "Authorized emergency vehicle" is defined by IC 9–4–1–2(d). An ice cream truck does not fall

In fact, every city has exclusive power, by ordinance, to control and care for its streets, and to prevent the obstruction or encumbrance of any of its streets so as to impede the free use of the same for its proper purposes. *Denny v. City of Muncie* (1925), 197 Ind. 28, 149 N.E. 639 (regulation of jitney buses); *Frick v. City of Gary* (1922), 192 Ind. 76, 135 N.E. 346; *see also, Clint's Wrecker, supra.* Thus, the city of New Albany acted within its authority in adopting additional requirements for ice cream trucks so long as the provisions did not conflict with state statute.

Delight contends that § 116.13 conflicts with IC 9–8–6–29 in that it requires ice cream trucks to display alternately flashing red lights visible from the front and rear of the vehicle, which it claims is reserved only for emergency vehicles. It argues an ice cream truck as a matter of common sense is not an emergency vehicle [2] and therefore the ordinance is invalid.

The pertinent part of IC 9–8–6–29 provides (emphasis added):

"(b) No person shall *drive* or *move* any vehicle or equipment upon any highway with any lamp or device thereon *displaying a red light visible from directly in front of the center thereof.* This section shall not apply to any vehicle upon which a red light visible from the front is expressly authorized or required by this act.

"(c) Flashing lights are prohibited except on an authorized emergency vehicle, school bus, snow removal equipment or *on any vehicle as a means indicating* a right or left turn, or *the presence of a vehicular traffic hazard requiring unusual care in approaching, overtaking or passing.*"

Tracy argues there is no conflict between the Ordinance and the Code because IC 9–8–6–29 applies to vehicles which are *driven* or *moved* upon the highway, while the Ordinance prescribes *additional* equipment

within the statutory definition.

to be displayed when the ice cream trucks are *stopped* on the streets for vending. She also points out that flashing lights are permitted on vehicles other than emergency vehicles for indicating the presence of an unusual traffic hazard requiring unusual care in approaching, overtaking or passing.

We agree that an ice cream truck stopped for vending should certainly qualify as a hazard which requires unusual care in approaching, overtaking or passing for the safety of children attracted to the truck. On the other hand, the color and type of lights which may be displayed by vehicles—other than emergency vehicles—for warning drivers of hazards is prescribed by IC 9–8–6–22:

> "(d) Any vehicle may be equipped with lamps which may be used for the purpose of warning the operators of other vehicles of the presence of a vehicular traffic hazard requiring the exercise of unusual care in approaching, overtaking or passing, and when so equipped may display such warning in addition to any other warning signals required by this act[3] [9–8–6–1—9–8–6–45]. The lamps used to display such warning to the front shall be mounted at the same level and as widely spaced laterally as practicable, and shall display *simultaneously flashing white or amber lights, or any shade of color between white and amber.* The lamps used to display *such warning to the rear shall be mounted at the same level and as widely spaced laterally as practicable, and shall show simultaneously flashing amber or red lights, or any shade of color between red and amber.* ...."

(Emphasis added).

Statutes should be construed so as to ascertain and give effect to the intentions of the legislature as expressed in the statute. *B & M Coal Corp. v. United Mine Workers of America* (1986), Ind., 501 N.E.2d 401, *cert. denied; Spencer County Clerk v. B & M Coal Corp.* (1987), 481 U.S.

1050, 107 S.Ct. 2183, 95 L.Ed.2d 839. Here, the use of the word *may* in the first sentence of IC 9–8–6–22(d) indicates that special warning lights are not required. The use of the word *shall* later in the paragraph—when describing the types of lamps which are required *if* such warning lights are used—indicates that it is mandatory that they be in the manner prescribed by this statute. *City of Wabash, supra* (word "shall" is to be construed as mandatory rather than directory unless it appears from the context or purpose of the statute that the legislature intended a different meaning). To the extent that a purpose can be discerned in the statutes, it is clear the legislature intended to ensure a uniform system of lights—those displayed to the front of a vehicle would be white to amber in color and those to the rear of the vehicle would display amber to red, except for emergency vehicles which would be permitted to display red alternately flashing lights to the front of the vehicle so that emergency vehicles could be easily distinguished from other vehicles. (*See e.g.,* IC 9–8–6–11, color of clearance lamps and side markers—amber in front, red to the rear; IC 9–8–6–16, lamps on parked vehicles—white or amber to the front, red to the rear). Thus, the Ordinance does appear to be in conflict with these statutory provisions to the extent that it prescribes *alternating* flashing *red* lights displayed on the front of ice cream trucks.

Tracy argues that because the Ordinance requires the lights to be displayed only when the truck is stopped and vending that there is no conflict with the Code provisions. However, our supreme court has held that the chapter of the Code requiring certain lights on motor vehicles which referred only to those being operated or driven included motor vehicles at rest temporarily, or parked upon the traveled portion of a public highway, as well as those in motion. *Cushman Motor Delivery Co. v. McCabe* (1941), 219 Ind. 156, 36 N.E.2d 769.

---

**3.** IC 9–8–6–21 has been amended to substitute "chapter" for "act" and related and stylistic changes were made. P.L. 2–1988.

It is clear that a city may enact an ordinance requiring an ice cream truck to display flashing lights; however, if such lights are used, they must conform to the state's scheme of lighting and must be *simultaneously flashing* as prescribed by the Code. If we accept Tracy's argument that the Ordinance prescribes additional lights than those required by the Code, we would have an absurd result—ice cream trucks would be required to display both alternately and simultaneously flashing lights which would not be logically consistent with the Code's purpose of a uniform system of lights.

■ Delight also contended at the hearing that the Ordinance's requirement of an arm signal device conflicts with IC 20–9.1–5–14, which prescribes an arm signal device for school buses. IC 20–9.1–5–14 provides:

"(a) Whenever a school bus is stopped on a roadway to load or unload school children, the driver shall use an arm signal device, and the arm signal device shall be extended while the bus is stopped except that a bus driver need not extend an arm signal device when the school bus is stopped at an intersection or other place where traffic is controlled by a traffic control device or a police officer."

We agree with Tracy that there is nothing within the statute that reserves the use of arm signal devices *exclusively* for school buses. However, to the extent that the Ordinance requires that the arm signal device for ice cream trucks be equipped to display a red light visible to the front of the vehicle it appears to conflict with the statutory scheme which requires lights displayed to the front of vehicles, unless authorized by the Code, to be amber to white. Therefore, we find that § 116.13, sub-parts (A) and (B) of the Ordinance are invalid because they conflict with the Code.

*II. Should the entire Ordinance be declared invalid?*

As noted earlier, rules relating to statutory construction are to be applied in con-

struing ordinances. *Woods v. Brown County Plan Comm.* (1983), Ind.App., 446 N.E.2d 973. A basic rule of construction is that if one section of a city ordinance or legislative act can be separated from the other sections and upheld as valid, it is the duty of the court to do so. *Smith v. George* (1914), 181 Ind. 119, 103 N.E. 949. "Where the portion which is invalid is distinctly separable from the remainder and the remainder is in itself complete, sensible, and capable of execution, the invalid portion may be rejected and the remainder permitted to stand as valid...." 20 ILE *Municipal Corporations* § 58 (1959); citing *City of Indianapolis v. College Park Land Co.* (1918), 187 Ind. 541, 118 N.E. 356 (universal rule of construction that if one section of an ordinance can be separated from the other sections or parts, and upheld as valid, it is the duty of the courts to do so).

■ Here, we find § 116.13(A) and (B) to be invalid.[4] Two other sections specifically refer to the invalid sections—§ 116.-11, which requires that the driver of a vehicle meeting or overtaking an ice cream truck displaying the lights and signal arm specified in § 116.13 must stop and proceed with caution and yield the right-of-way to any pedestrian crossing the roadway to or from the truck; and § 116.14, which requires the operator of the ice cream truck to display lights and signal arm described in § 116.13 when vending. Therefore, these two sections, which are dependent on the invalid sub-sections of § 116.13, are also invalid. However, in addition to special lights and a signal arm device, the Ordinance requires insurance, inspection, restrictions on the manner in which vending may take place, special mirrors so that the driver might see small children in front of his vehicle, an additional person in the truck to act as a lookout, and prohibitions on backing for the safety of small children who might not be seen standing behind the truck. The remainder of the Ordinance is severable, complete, sensible, and capable of execution. While Delight challenged

4. Sub-section (C) of § 116.13, requiring a convex mirror on the front of the truck so the driver could see the area in front of the truck obscured by the hood, was not challenged and is not invalid.

these provisions as placing an unconstitutional restraint on commerce, it did not argue the constitutionality of these provisions at the hearing nor on appeal. Furthermore, the trial court did not determine the constitutionality of these provisions.[5] These additional sections of the Ordinance are severable from the defective sections. We find the trial court's action invalidating the entire Ordinance was erroneous and, therefore, reverse and remand to the trial court for further proceedings consistent herewith.

BUCHANAN, J., concurs.

CHEZEM, J., dissents with separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent. I disagree with the majority's finding that Ordinance § 116.13 and Ind.Code § 9–8–6–29 are in conflict. Other Ordinances involving the use of the ice cream truck equipment required in § 116.13 require lights to be displayed only when the truck is stopped and vending. I.C. § 9–8–6–29 states that "no person shall *drive* or *move* any vehicle ... displaying a red light...." "Drive or move" is clearly distinguishable from stopped and vending. The majority cites *Cushman Motor Delivery Co. v. McCabe* (1941), 219 Ind. 156, 36 N.E.2d 769, as stating that the chapter of the Code requiring lights on motor vehicles which referred only to those being operated or driven include motor vehicles at rest temporarily or parked upon public highways, as well as those in motion. However, *Cushman* is distinguishable because the Code section involved in *Cushman* referred to vehicles being *operated* or driven as opposed to being driven or moved. The word *move* clearly cannot be construed as stop, but the word *operate,* may be construed as stop depending on the nature of the work the vehicle does. Also, *Cushman* involved

brake lights as opposed to emergency lights.

Further, the words "red light" mean that the red-lensed light is illuminated, then the light, not the fixture, but the actual light is visible. These "lights" are only on when the truck is stopped and vending. Section 116.13 and I.C. 9–8–6–29 are not in conflict.

---

**5.** In its Response to Plaintiff's Response to Defendants' Motion for Preliminary Determination, Delight stated: "Because it is believed that the Court will find the City's ordinance to be facially invalid, the further meritorious discussion by Defendant of the constitutional illegality of the City's ordinance is reserved at this time." (R. 92). The trial court did not address the issue of the Ordinance's constitutionality, nor did either party brief this issue.